RAILWAY COMPANY *v.* STATE.

Opinion delivered June 17, 1893.

*Duty of railway to signal at crossing—Defective complaint.*

Under Mansfield's Digest, sec. 5478, imposing a penalty upon a railway for failure to ring a bell *or* sound a whistle at a high-way crossing, a complaint which alleges a failure to ring a bell *and* sound a whistle does not state facts sufficient to constitute a cause of action, and a judgment by default based upon it will be reversed on appeal.

Appeal from Sebastian Circuit Court, Greenwood District.

T. C. HUMPHRY, Judge.

*Dodge & Johnson* for appellant.

This court held in 55 Ark. 200, that the complaint, although in form an indictment, was a civil proceeding, and that the court had jurisdiction. But the complaint is defective, and no judgment could be rendered on it. Mansfield's Digest, sec. 5478; 54 Ark. 546. No violation of law was charged.

*James P. Clarke*, Attorney General, for the State.

54 Ark. 546 is not conclusive. In that case, it was an indictment. In this case a civil complaint. 55 Ark. 200. Construing the pleading as an entirety, the purpose appears to claim a penalty for failure to either ring a bell or sound a whistle. 31 Ark. 657. The cause of action is probably defectively stated, but the appellant's remedy was a motion to make more definite and certain. Mansfield's Digest, secs. 5082, 1310.

POWELL, J. The appellee, on the 11th day of September, 1889, filed in the circuit court of Sebastian county, for the Greenwood district thereof, the following pleading: "The grand jury of Sebastian county, in and for the Greenwood district thereof, in the

name and by the authority of the State of Arkansas, accuse said railroad company of the crime of failing to sound a bell and to whistle a steam whistle, committed as follows, to-wit: The St. Louis, Iron Mountain & Southern Railroad Company on the 20th day of August, 1889, in the county and district aforesaid, the said company operating and maintaining a railroad, among other places, from Fort Smith, Arkansas, to and near Greenwood, Arkansas, for the running of passenger, freight and other cars, and there being a crossing of said railroad across the Greenwood and Hackett City road, near the town of Greenwood, on the day and year aforesaid, the said company unlawfully failed to ring a bell and to whistle a whistle on a locomotive and train of cars at the distance of eighty rods from the place where the said railroad crosses the said Greenwood and Hackett City road, locomotive and train of cars run by said company being run along said railroad at said time, and said company failed to keep a bell ringing and a whistle whistling from said point of eighty rods until said train had passed said crossing, against the peace and dignity of the State of Arkansas.

"J. B. McDonough.

"Prosecuting Attorney, Twelfth Circuit of Arkansas."

The appellant failing to enter its appearance, or to plead, answer or demur to said action, a judgment by default was duly rendered against it.

After the judgment by default had been entered, the appellant herein applied to this court, by petition, praying for a writ of certiorari to the clerk of the Sebastian circuit court, compelling him to certify up the record in this case, and that the judgment herein be quashed.

This court upon a hearing denied the prayer of the petition, the court holding that the pleading, although in the form of an indictment, was in reality a complaint,

that the circuit court had jurisdiction to entertain the proceeding and render judgment thereon, and that this judgment was not subject to collateral attack, but that the remedy was by appeal.

After the refusal of the writ of certiorari, the apellant, on January 12, 1892, prayed an appeal, which was duly granted by the clerk of this court.

This suit is based upon section 5478, Mansfield's Digest, which is as follows: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county."

The only question raised in this case which we believe necessary to decide is, does the pleading herein treated as a complaint set up facts sufficient to constitute a good cause of action against appellant? Freeman on Judgments, sec. 538, says that judgments by default are proper subjects of appeal, and are reversed when the complaints on which they are based do not state matters sufficient to constitute a cause of action; that the default does not admit any fact which the plaintiff has not thought proper to allege. Black on Judgments lays it down as a rule (sec. 183) "that a judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered, * * * so where the complaint is defective in substance to the extent of failing to show a cause of action, no judgment can be entered upon it." This would be reversible error. The rulings of this court are in harmony with those above quoted. *Fullerton* v. *Houpt*, 12 Ark. 399 ; *St.*

*Louis, etc. R. Co.* v. *Yocum,* 34 *id.* 497; *Chaffin* v. *McFadden,* 41 *id.* 42.

In the case of *State* v. *Railroad Company,* 54 Ark. 546, upon an indictment based upon the same statute as this suit, and almost a literal copy of the complaint herein, the court said : " The offense charged here is the failure to perform a duty which under the law may be discharged by doing either of two specific acts.   The non-performance of either of the acts is therefore an affirmative element of the offense, and without its aver-ment the indictment is not valid.   The railway company satisfies the law by using either a bell or a whistle at the places and in the manner required.   To aver then that the company neglected 'to ring the bell' would not state a violation of the statute, since it may have been obeyed by sounding the whistle.   But an averment that the company 'neglected to ring the bell or to sound the whistle' would sufficiently state a neglect to perform a statutory duty by either method.   And so an allegation that the defendant 'neglected to sound the whistle and also neglected to ring the bell' would be equivalent to saying that neither act was done.   But the averment in the indictment is that the defendant 'did unlawfully fail and neglect to ring the bell and sound the whistle,' and that 'it unlawfully failed to keep said bell ringing and whistle sounding,' etc.   Now the ringing of the bell and the sounding of the whistle are not here referred to as separate and distinct acts ; but in each clause of the indictment they are stated as if they constituted one continuous act which in its entirety was necessary to complete the duty required by the statute.   The import of the language thus employed is to impute to the defend-ant a non-feasance arising, not from a failure to do either of the acts, but from a neglect to perform both of them at the same time.   And to say, in the form of expression used by the pleader, that the defendant failed

to perform the *two* acts does not exclude the idea that he may have performed one of them. The indictment is therefore bad for uncertainty."

This, although a civil action, is penal in its character, and should be strictly construed.

The complaint in this case has the same defect as the indictment above construed.

The complaint failing to set up a valid cause of action, no judgment can be rendered thereon. The judgment is reversed, and cause remanded.