## BARNHILL *v.* POLK.

Opinion delivered January, 25, 1909.

HUSBAND AND WIFE—SUFFICIENCY OF COMPLAINT AGAINST WIFE.—A complaint seeking to hold a woman liable on a note signed by her which shows that she is married, but fails to show that the note was executed with reference to her separate property, is insufficient to sustain a judgment by default against her.

Appeal from Clay Chancery Court, Western District; *Edward D. Robertson,* Chancellor; reversed.

*F. G. Taylor,* for appellant.

Appellee, *pro se.*

HART, J. On the 19th day of November, 1904, George Barnhill and Angie Barnhill, his wife, executed to W. D. Polk their promissory note for $1,000, with interest at six per cent. per annum from date until paid. At the same time they executed a mortgage on the lands described in the complaint herein to secure said indebtedness. This action was brought by Polk to foreclose the mortgage, and judgment was asked against George and Angie Barnhill for the amount of the note and the accrued interest. The note and mortgage were made exhibits to the complaint. The following language appears in the mortgage:

"This sale is on condition that whereas said George Barnhill is justly indebted unto the said W. D. Polk in the sum of one thousand dollars, evidenced by my note of even date and due November 19, 1904, with six per cent. interest from date until paid."

When the case was reached on the call of the calendar, the defendants, although duly served with summons, made default. The chancellor found that there was due upon said note the sum of $1,175.67, principal and interest, and rendered judgment against George Barnhill for said amount. A decree was also entered for the foreclosure of the mortgage, which also provided "that, should said property not sell for sufficient to pay said costs, debt and interest, plaintiff have and recover such balance of and from the defendants, George Barnhill and Angie Barnhill."

The land described in the decree was sold to W. D. Polk for the sum of $510, and the sale confirmed by the court. Angie Barnhill has duly prosecuted an appeal to this court.

In the case of *Warner* v. *Hess,* 66 Ark. 113, the court held that "a complaint seeking to hold a woman liable on a note and mortgage signed by her, which shows that she is married, but fails to show that the note and mortgage are the evidence of such a contract as she is competent to make, is insufficient to support a judgment against her."

Appellee urges that this case should be overruled; but both the opinion of the court and that of the dissenting judges show that the reasons now given for overruling it were then considered, and no useful purpose can be served by again discussing them. It is sufficient to say that the principle there announced has become an established precedent in this State.

It follows then that that part of the decree of the chancellor which renders judgment against appellant for the balance of the note was erroneous. Therefore it is ordered that, as to the judgment against Angie Barnhill for the balance due, the decree be reversed and the cause dismissed; that in all other respects the decree be affirmed.