## THOMPSON *v.* HICKMAN.

### Opinion delivered May 26, 1924.

1. MINES AND MINERALS—OIL LEASE—LABORER'S LIEN AGAINST FEE.— A lien, under Crawford & Moses' Dig., § 6941, for labor furnished in drilling an oil well, was improperly declared against the fee, where the lienor was employed by one who was drilling a well under contract with lessees of the land.

2. APPEAL AND ERROR—JUDGMENT BY DEFAULT.—A judgment by default upon a complaint which fails to state facts sufficient to constitute a cause of action is reversible on appeal.

3. JUDGMENT—DEFAULT JUDGMENT NOT SUSTAINED WHEN.—A judgment by default against the owner of the fee in land for the amount of the lien of a laborer working for a contractor employed by lessees to drill an oil well, was not sustained by a complaint which alleged that the owner accepted the benefits of the work and failed to allege that the lienor was employed by the owner, or that the owner promised to pay for the work.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; reversed.

*McKay & Smith,* for appellant.

Default after legal service is an admission of all the allegations made in the complaint, but not that the facts alleged entitled plaintiff to recover. 12 Ark. 599; 58 Ark. 39. If the allegations are insufficient to support the judgment, it will be reversed. 41 Ark. 42; 44 Ark. 56.

*P. C. Crumpler* and *Joe Joiner,* for appellee.

Every reasonable presumption should be indulged in favor of the bill. 183 S. W. 728. Where judgment is entered by default it will be presumed that the evidence was insufficient to support it. 87 Ark. 79. A judgment

by default must be presumed to be valid until it is shown by the record to be to the contrary.

SMITH, J. Appellee recovered judgment against appellant and certain other defendants, who have not appealed, for the sum of $550 alleged to be due him for drilling an oil well. The suit was filed January 6, 1923, which was prior to the passage of act No. 615 of the Acts of 1923, § 12 of which amends § 6941, C. & M. Digest, and this amendatory act has therefore no bearing on this case.

The complaint alleged that, on June 8, 1922, J. M. Stocks conveyed a forty-acre tract of land to John L. Thompson, but that prior thereto, on May 5, 1921, Stocks had executed an oil and gas lease to F. W. Higgins, who, on March 22, 1922, assigned the lease to the Pure Oil Company, a corporation, which company assigned a one-fourth interest therein to the Newblock Oil Company, a corporation, and these companies contracted with Harry C. Thompson to drill a well on the land, and H. C. Thompson employed appellee as a laborer at $10 per day, and, pursuant to this employment, appellee performed labor for fifty-five days.

The complaint alleged that the lease was in writing, and was in possession of the defendants, and had never been recorded, and there was a prayer that it be produced, but this was not done. The complaint alleged that John I. Thompson and the companies named "accepted the benefits of the work of the plaintiff." There was a prayer for judgment for $550, and that this "judgment be declared a lien on the lease and the land above described," and that the same be ordered sold in satisfaction of the judgment if the same was not paid.

John I. Thompson, though duly summoned, failed to answer, and a personal judgment was rendered against him as well as the other defendants, and the amount thereof was declared to be a first and prior lien on the land, and a commissioner was appointed to sell the land if the judgment was not paid within ten days. It is from this judgment that Thompson has appealed.

This suit was brought under the authority of § 6941, C. & M. Digest, which gives every laborer and other persons who shall dig, bore or construct any well or cistern a lien upon the land or so much thereof as is necessary to cover the debt. Assuming, without deciding, that this section of the statute applies to an oil or gas well, we proceed to consider the validity of the judgment against Thompson, the only defendant who has appealed.

In the case of *Meek v. Parker,* 63 Ark. 367, Mr. Justice RIDDICK said: "The lumber company held the tract of land, upon which their sawmill, boiler, engine, dry-house, etc., were situated, under a lease for a term of years. It is contended that the improvements for which the materials were furnished, being placed upon leased lands, must therefore be treated as personal property, and that no lien attaches to such land for materials furnished for the making of such improvements. But this contention cannot be sustained. 'The estates of tenants for terms of years are liable for the improvements made by them upon the demised premises. The lien extends to their entire interest under the lease, but does not affect the reversion of the lessor, unless he, by some act of his own, has obligated his estate.' Phillips, Mechanics' Liens, § 191; *White v. Chaffin,* 32 Ark. 59; *McCullough v. Caldwell,* 5 *Id.* 238; *Paulsen v. Manske,* 9 A. S. R. 532, and note."

In the note to the annotated case of *Showalter v. Lowndes,* 3 A. & E. Ann. Cas. 1096, numerous cases, including that of *Meek v. Parker, supra,* are cited to the same effect.

In the case of *Williams v. Vanderbilt,* 21 L. R. A. 489, the Supreme Court of Illinois (145 Ill. 238) said: "The party with whom the contract is made by the person furnishing the labor or materials is only regarded as owner, within the meaning of the law, to the extent of the interest which he owns. It is that interest which is subjected to the lien. *Hickox v. Greenwood,* 94 Ill. 266. A tenant for life or years cannot, by contract, create a lien upon the fee. He may, by contract, create a lien to

the extent of his right and interest in the premises, but no further."

It follows therefore that a lien was improperly declared against the fee, unless John I. Thompson was under some contractual obligation to pay appellee his wages.

As has been said, judgment was rendered by default against John I. Thompson, and the question therefore arises whether the allegations of the complaint were sufficient to support the judgment.

"The rendition of a judgment by default upon a complaint which fails to state facts sufficient to constitute a cause of action is an error for which the judgment should be reversed on appeal. *Benton* v. *Holliday,* 44 Ark. 60; *Railway Co.* v. *State,* 58 Ark. 39; Elliott, Appellate Procedure, §§ 471, 475." See also *Warner* v. *Hess,* 66 Ark. 113; *Barnhill* v. *Polk,* 89 Ark. 117; *Lindsey* v. *Bloodworth,* 97 Ark. 541; *Wilson* v. *Overturf,* 157 Ark. 385; *Koons* v. *Markle,* 94 Ark. 572; *Chaffin* v. *McFadden,* 41 Ark. 42; *American Freehold Mortgage Co.* v. *McManus,* 68 Ark. 263; *Pettus* v. *Bird,* 136 Ark. 537; *Ncimeyer* v. *Claiborne,* 87 Ark. 72; *Sproull* v. *Miles,* 82 Ark. 455.

The complaint contains no allegation that appellee was employed by Thompson or that Thompson promised to pay for the work. The only allegation is that he accepted the benefits of appellee's work. This, however, is not sufficient to impose liability on appellant. It was the duty of the lessee to drill the well, and appellant was, of course, entitled to the benefits derived therefrom under the terms of the lease, whatever they may have been, and if he did no more than to accept these benefits—whatever they were—and the complaint alleges nothing else, no cause of action is stated against him, and no judgment should have been rendered against him.

The judgment against Thompson must therefore be reversed, and, if the complaint is not amended to state a cause of action against him, it must be dismissed.