[Civil No. 3977.   Filed July 5, 1938.]

[80 Pac. (2d) 960.]

H. J. MURPHY, Appellant, v. THE INDUSTRIAL COMMISSION OF ARIZONA, J. NEY MILES, HOWARD KEENER, and CARL HOLMES, Appellees.

Mr. George F. Macdonald, for Appellant.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Appellees.

McALISTER, C. J.—One H. J. Murphy filed in the Superior Court of Maricopa County a complaint against the Industrial Commission of Arizona, J. Ney Miles, Howard Keener and Carl Holmes, commissioners, in which he sought relief from an order made by the commission on September 2, 1931, fixing the amount of compensation to which he was entitled as a result of an accident occurring on June 20, 1929, while he was in the discharge of his duties as an employee of the Tremaine Alfalfa Ranch & Milling Company, which was insured by the Industrial Commission. A demurrer to the complaint, which had been amended the third time, was sustained, and the court, being of the view that he could not state a cause of action, denied him the privilege of pleading further and en-

tered judgment dismissing the complaint. From this judgment plaintiff appeals.

According to the allegations of the complaint appellant was employed as a construction foreman at a salary of ten dollars a day and pursuant to an agreement between the Industrial Commission and his employer the former made an order allowing him sixty-five per cent. of his monthly wages during his hospitalization, but in computing the amount thereof based it on $150 per month, when his salary was in fact $260 per month. It appears further that on September 2, 1931, the Industrial Commission made another order allowing appellant compensation upon the basis of fifty per cent. of his average monthly wages for a period of twenty months and that the commission again erroneously computed the amount due him by using $150 instead of his actual salary of $260 a month, and that as a result of this erroneous calculation appellant has been deprived of fifty per cent. of $110 for twenty months or of $55 monthly for that period.

It is further averred that under the Revised Code of 1928 appellant was entitled to fifty per cent. of his average monthly wage for twenty months and that the Industrial Commission had no jurisdiction to compute the amount due by using as a basis other than the actual salary the injured employee was earning at the time of injury and that appellant is entitled to have a court of competent jurisdiction hear the matter and correct the error by a proper order.

In filing the action appellant evidently proceeded upon the theory that the superior court has jurisdiction to set aside, reverse or amend orders of the Industrial Commission making awards of compensation. His first assignment is that the trial court, after finding that error had been committed by the Industrial Commission in computing benefits to which

he was entitled, sustained a demurrer to his third amended complaint and that it did so notwithstanding the fact that section 1406, Revised Code of 1928, gave it jurisdiction to revise, correct or amend orders of the commission. That section reads as follows:

"*Jurisdiction of courts.* No court of this state, except the superior court and the supreme court on appeal, shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend, or annul any order of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its duties; provided, that the writ of *mandamus* may issue from the supreme court to the commission in all proper cases, and that an appeal may be taken from the superior court to the supreme court in all cases."

The effect of this section is to provide that superior courts and the Supreme Court on appeal have jurisdiction to "review, vacate, set aside, reverse, revise, correct, amend, or annul" any order of the Industrial Commission, and appellant contends that the word, "order," as used therein, includes all orders, those making or fixing the amount of compensation an injured workman is entitled to, as well as all others. This is not, as we view it, a correct construction of its meaning. Just two sections preceding it is found this language:

"§ 1404. *Action to vacate orders, procedure.* Any person in interest, dissatisfied with an order of the commission, may commence an action in the superior court of the county where the property, plant or place of employment affected by such order may be situate, against the commission as defendant, to set aside, vacate or amend such order, on the ground that the order is unreasonable or unlawful, and the superior court shall have exclusive jurisdiction thereof. . . ."

This language confers upon the superior court of the county in which the property, plant or place of em-

ployment affected by an order made by the commission may be situated exclusive jurisdiction to set aside, vacate or amend such an order, and it is perfectly clear that the order referred to is not one fixing the amount of compensation to which an injured employee, or his dependents in case of death, is entitled, but one made by the commission in the exercise of its regulatory power affecting the property, plant or place of employment. Anyone dissatisfied with an order of that kind, whether an employer or an employee, may bring an action to set aside, vacate or amend it, but in doing so he must go into the superior court. The statement in section 1406, *supra,* that no court of this state ''except the superior court and the supreme court on appeal'' shall have jurisdiction to review, etc., refers to the same kinds of orders section 1404 does and has the effect of merely supplementing its language. That it was not intended by the use of the word ''order'' in either section to include those orders fixing the amount of an award is shown by the following definition of these terms given in section 1420 of the Revised Code of 1928:

''*Construction of terms.* Terms as used herein shall be construed: 'Order' shall mean and include any rule, regulation, direction, requirement, standard, determination or decision of the commission; 'general order' shall mean and include an order applied generally throughout the state to all persons under the jurisdiction of the commission, other orders of the commission shall be considered special orders; . . . 'award' shall mean the finding or decision of the commission of the amount of compensation or benefit due an injured or the dependents of a deceased employee.''

It is very clear from the foregoing sections that the words ''order'' and ''award,'' used in the Workmen's Compensation Law, do not mean the same thing and that the former does not include the latter. In *Federal Mut. Liability Ins. Co.* v. *Industrial Com.,* 31

Ariz. 224, 252 Pac. 512, this court made the following statement in speaking of these two words (p. 229):

"There are two provisions in the act for the review of the action of the commission, one which applies to its orders, and the other to its final awards. The first is in the superior court and the second in the Supreme Court."

In *Alabam's Freight Co.* v. *Hunt*, 29 Ariz. 419, 242 Pac. 658, the same idea was expressed in this language (p. 429):

"Any order of the commission, except a final award, may be reviewed in the superior court for both its lawfulness and reasonableness, while the Supreme Court, on an award, may examine the jurisdiction of the commission and the sufficiency of the findings, and may even, if it deems proper, review the evidence."

██ However, if the foregoing sections left any doubt as to whether the term, "order," as therein used, includes one fixing the amount of an award, that doubt is completely removed by the provisions of section 1452, Revised Code of 1928, which provides specifically and definitely how and by what court the lawfulness of an award may be reviewed. It is clear from this section that this may be done only by the Supreme Court of the state and that its jurisdiction in that respect can be obtained only through a writ of *certiorari* granted by it upon the application of a party affected by the award within thirty days after the denial of a rehearing by the commission, or within thirty days after the decision upon rehearing if one is granted. That section reads as follows:

"*Appeal to supreme court.* Within thirty days after the application for a rehearing is denied, or if the application is granted within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the supreme court of the state for a writ of *certiorari* to review the lawfulness of the award. Such writ shall be made returnable

within thirty days, and shall direct the commission to certify its record, proceedings and the evidence to the court. On the return day the cause shall be heard in the court unless for good cause continued, and shall be heard on the record of the commission as certified by it. The review shall be limited to determining whether or not the commission acted without or in excess of its power; and, if findings of fact were made, whether or not such findings of fact support the award under review. If necessary the court may review the evidence.

"The commission and each party to the proceeding before the commission may appear in the review. The court shall enter judgment either affirming or setting aside the award. The rules of civil procedure relating to *certiorari* shall, so far as applicable, and not in conflict herewith apply."

It will be observed from this language that one dissatisfied with an award made by the Industrial Commission is given thirty days in which to apply for a writ of *certiorari* for the purpose of bringing it before the Supreme Court for review, and that the cause must be heard upon the return day unless continued for good cause. Both thirty-day periods were made this short to enable a workman injured in his employment, or his dependents in case of his death, to obtain a determination of his claim for compensation and get what is coming to him promptly and without the necessity of going through a long expensive trial. That this is true is further shown by section 1408, Revised Code of 1928, which requires that an action or proceeding arising under the Workmen's Compensation Law "shall be advanced for trial or hearing over all civil actions, except election contests and actions affecting the corporation commission." If it had been the purpose to make an award made by the Industrial Commission reviewable by the superior court and the latter's judgment thereon reviewable by the Supreme Court, the effect would have been to defeat in a large

measure rather than promote the idea of a speedy determination of a claim for compensation. In other actions a litigant is given only one appeal, and the purpose here was not merely to limit an appeal from an award in the same way but to require in addition that when one is prosecuted it shall be disposed of in a much shorter time than it takes to get a decision in an ordinary case.

It being true, therefore, that the order it is here sought to have reviewed by the superior court was not an order within the meaning of that word as used in sections 1404, 1406, 1398 and 1420 but was an award as this term is defined in 1420 and employed in section 1452, as well as throughout the Workmen's Compensation Act, since it was a finding by the commission of the amount of compensation appellant was entitled to as the result of his injury, it follows that no court other than the Supreme Court had jurisdiction to entertain an appeal from it. If, as appellant contends, the commission did not use the salary he was actually earning at the time as a basis for computing the amount of compensation due him, his only remedy was to take the award to the Supreme Court by writ of *certiorari* and his failure to do so cannot be regarded otherwise than as a waiver of its error in this respect.

In view of the foregoing there cannot exist any question but that the superior court had no jurisdiction to review the award in this case and that there was no way by which it could gain this right; hence, the orders sustaining the demurrer to the third amended complaint, denying appellant the privilege of pleading further, and dismissing the action were correct.

The judgment is, therefore, affirmed.

ROSS and LOCKWOOD, JJ., concur.