CHOATE *v.* MARTIN.

4-9055                                                            226 S. W. 2d 52

Opinion delivered January 23, 1950.

*Lloyd E. Darnell* and *M. C. Lewis, Jr.,* for appellant.

*McMath, Whittington, Leatherman & Schoenfeld,* for appellee.

LEFLAR, J. Plaintiff Martin sued to recover from defendant Choate a $500 deposit incident to a contract for purchase of land by Martin from Choate. The defendant failed to answer. The Chancellor after hearing evidence rendered judgment by default for the plaintiff. Defendant appeals.

Defendant does not deny the fact of his default in the Chancery Court. He relies upon our holdings to the

effect that even after default a defendant may appeal from a judgment rendered on a complaint which fails to state facts sufficient to constitute a cause of action. *Railway Co.* v. *State,* 58 Ark. 39, 22 S. W. 918; *Barnhill* v. *Polk,* 89 Ark. 117, 115 S. W. 937; *Wilson* v. *Overturf,* 157 Ark. 385, 248 S. W. 898; *Thompson* v. *Hickman,* 164 Ark. 469, 262 S. W. 20. The question now before us therefore is whether the plaintiff's complaint stated a cause of action.

The complaint set out a contract for the sale of certain residence property on Lake Hamilton near Hot Springs, the defendant seller to furnish an abstract showing marketable title. It recited a $500 deposit of earnest money by plaintiff, as called for by the contract. It recited prior representations by defendant's agent that the seller owned a fee simple title to the land. It then recited a "reservation clause" which appeared in one of the deeds in defendant vendor's chain of title, as shown in the abstract later furnished by defendant, as follows:

"Reserving unto the grantor herein however, and unto its successors and assigns forever, the right to use and to appropriate and to clear of brush and trees and other obstructions and to submerge by water, all lands lying in the above mentioned quarter quarter section below the elevation of 400 feet above mean sea level and also the right to clear of trees, brush and other obstructions as far above 400-foot elevation above mean sea level as may be required by the Federal Power Commission or any other legal and constituted authority. It is hereby expressly reserved, however, to the grantor, its successors and assigns, the right to flood any part of said lands by waters or water impounded by a dam or dams now or hereafter constructed and/or maintained across the Ouachita River under authority of the Federal Power Commission or any other legally and duly constituted authority."

The abstract further showed, according to the complaint, that this reserved right of inundation is now vested in the Arkansas Power & Light Company. The

complaint asserted that plaintiff had no prior notice of the existence of this reservation, that by reason of it the abstract failed to show the marketable title contracted for and that plaintiff's request for return of the $500 deposit had been refused by defendant, then prayed judgment for the amount of the deposit.

Defendant's argument is that lake-front property in Garland County is generally subject to such reservations as this, and that titles there are commonly deemed marketable despite such reservations. It is said that taken as a whole they are deemed beneficial rather than burdensome to the land to which they attach. The idea appears to be that the proper maintenance of the lakes is aided by them.

That may well be true, and we do not hold that it is not true. It is however a matter of fact to be established by evidence, and not a matter of law. The sufficiency of the complaint must be passed upon by this court in terms of the law of Arkansas generally, and we hold that a reserved right of inundation such as is described in the words quoted in this complaint, the existence of which right is unknown to the buyer of land, renders the title not marketable as to him under the circumstances recited in this complaint. *Huyck* v. *Andrews,* 113 N. Y. 81, 20 N. E. 581, 3 L. R. A. 789, 10 Am. St. Rep. 432; *Cosby* v. *Danziger,* 38 Cal. App. 204, 175 Pac. 809; *Porter* v. *Ridge,* 310 Mich. 425, 17 N. W. 2d 239.

Had the defendant answered and introduced evidence in the Chancery Court, he might have established that his title was marketable. This he did not choose to do. It is too late for him now to offer his evidence in this court.

The decree of the Chancery Court is affirmed.