291 P.2d 783

William M. GASHETTE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier, Respondent.

No. 6170.

Supreme Court of Arizona.

Dec. 27, 1955.

A. Michael Bernstein and Lester L. Penterman, Phoenix, for petitioner.

John R. Franks, Phoenix, Donald J. Morgan, Robert K. Park, and John F. Mills, Phoenix, of counsel, for respondent, Industrial Commission.

**6**

UDALL, Justice.

William M. Gashette, petitioner, filed with this court a petition for certiorari in a matter involving a phase of the Workmen's Compensation Law, A.C.A.1939, § 56–901 et seq. Because the Industrial Commission of Arizona was named as defendant insurance carrier the writ was, as a routine matter, issued, and the Commission in obedience to the writ sent up the record and filed a written response together with a motion to quash the writ of certiorari theretofore issued.

Ordinarily we do not write opinions in disposing of motions, but where, as here, a jurisdictional question is raised that becomes determinative of the whole matter, it would seem that in this instance for the future guidance of the Commission and members of the State Bar we should depart from the custom normally followed.

The facts giving rise to the instant proceeding are as follows: petitioner Gashette was seriously injured on June 20, 1952, by an accident arising out of and in the course of his employment by the O. S. Stapley Company. The Industrial Commission was the insurance carrier. Claim for compensation and accident benefits was regularly processed and finally on June 23, 1955, the Commission entered its findings and an award for unscheduled permanent partial disability. This award became final. Thereafter petitioner asked that he be given its commuted value in a lump sum of $6,500

(the maximum amount allowed under Section 56–963, A.C.A.1939), in lieu of monthly payments of $90.99 per month—payable until the further order of the Commission. According to actuarial computations the basic award has a present cash value of $14,433.74. A hearing and rehearing was had after which the request for a lump sum payment was denied by an *order* of the Commission, and this attempted review by certiorari followed.

The sole legal question presented on the motion to quash is: Can the validity of this determination be reviewed in this manner?

The Commission urges this query must be answered in the negative. It maintains that it is only the lawfulness of an "award" and not, as here, an "order" of the Commission, that may be reviewed by this court under the provisions of Section 56–972, A.C.A.1939. It is fundamental that a right of review exists only by force of statute, and where no review is afforded by statute, the Supreme Court has no jurisdiction to pass upon the merits of a controversy. Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732. In order to exercise such right of review a party must bring himself within the conditions prescribed by statute conferring the right. Duncan v. Superior Court of Pinal County, 65 Ariz. 193, 177 P.2d 374. That there is a distinction between an "order" and an "award" is well settled—they are not synonymous. We have a statutory defi-

nition of each, found in Section 56–930, A.C.A.1939, wherein it is stated that "order"

"*  *  *  shall mean and include any rule, regulation, direction, requirement, standard, determination or decision of the commission; *  *  *"

whereas "award" is defined as

"*  *  *  the finding or decision of the commission *of the amount of compensation or benefit due* an injured or the dependents of a deceased employee." (Emphasis supplied.)

The distinction between the two terms, and the different manner of obtaining a review thereof, has been fully developed in the following Arizona cases: Murphy v. Industrial Commission, 52 Ariz. 343, 80 P.2d 960; O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994; hence we need not reiterate what is there stated. Cf. Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011.

█ In the light of the above statutory definitions and our previous interpretations thereof, it seems obvious that when the Commission refused to convert to a lump sum payment the compensation theretofore awarded to petitioner, its decision was an "order" rather than an "award". This conclusion is in harmony with our pronouncement in the case of Sorenson v. Six Companies, 53 Ariz. 83, 91, 85 P.2d 980, 983, wherein we stated:

"*  *  *  Strictly speaking, *the commission has no jurisdiction to award a lump sum to any claimant for compensation under the act under any circumstances whatsoever.* Section 1438, supra, which gives the measure of compensation, provides only for monthly compensation. Nowhere therein do we find any provision that compensation may be awarded in any other manner. The authority for the payment of a lump sum to the injured employee, or his dependents, is found in section 1443, R.C.1928 [now Section 56–963, supra], which is in the following language: *'Conversion to lump-sum payment.* The commission may allow the conversion of the compensation into a lump-sum payment, not to exceed the sum of sixty-five hundred dollars, under such rules and regulations and system of computation as it may devise for obtaining the present value of such compensation.'

"It will be seen from an examination of the act as a whole that the only correct procedure on the part of the commission is to award compensation under the provisions of section 1438, supra, which, as we have said, provides only for compensation made on the basis of monthly wages, and then if, in its discretion, it thinks best to *commute* the award of compensation to its present value, it may do so." (Emphasis and insert added.)

8

See, also, Paramount Pictures v. Industrial Commission, 56 Ariz. 217, 106 P.2d 1024. Hence we hold this court is without jurisdiction to consider this matter on its merits as there can be no review thereof under section 56–972, supra, which is the statute relied upon by petitioner.

The writ of certiorari in this case having been improvidently issued, it is ordered that respondent's motion to quash the writ be granted.  Writ of certiorari quashed.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concur.