478 P.2d 137

The **INDUSTRIAL COMMISSION OF ARIZONA,** Appellant,

v.

**Steve W. PARISE,** Appellee.

**No. 2 CA–CIV 837.**

Court of Appeals of Arizona, Division 2.

Dec. 17, 1970.

Donald L. Cross, Chief Counsel, Industrial Commission of Arizona by William C. Wahl, Jr., Phoenix, for appellant.

Lawrence Ollason, Tucson, for appellee.

HATHAWAY, Judge.

The appellee, plaintiff in the court below, obtained a default judgment permanently enjoining the Commission from deducting unemployment benefits from workmen's compensation benefits which the plaintiff and all others similarly situated

might receive in the future. Briefly, the chronology is as follows.

In March, 1968, the plaintiff filed a complaint pursuant to A.R.S. § 23–946, alleging his dissatisfaction with an order of the Commission on the ground that it was unreasonable and unlawful. The record does not disclose when service upon the defendant Commission was accomplished. On September 22, 1969, the Commission moved to dismiss the action for failure to join indispensable parties under Rule 19, Rules of Civil Procedure, 16 A.R.S. The motion to dismiss was denied on October 27, 1969.

On December 2, 1969, the default of the defendant Commission was entered. On December 29, 1969, the Commission filed another motion to dismiss, alleging as grounds therefor that the court had no jurisdiction over the subject matter since, subsequent to the filing of the suit, the Commission had entered an award on December 19, 1969, adjudicating the issue involved in the pending lawsuit and therefore the plaintiff's remedy was by certiorari to the Court of Appeals. This motion was denied on January 19, 1970.

On January 14, 1970, the plaintiff filed an amended notice of application for default judgment to be heard on January 26th. On January 21st, the Commission filed a motion to set aside the entry of default and to dismiss the action on the grounds that the court lacked jurisdiction over the subject matter. The essence of the "jurisdictional" challenge was (1) that the "order" upon which the suit was predicated was not an order, and (2) even if it were an order, it was not the type of order within the purview of A.R.S. § 23–946.

On January 26, 1970, the date set for hearing plaintiff's application for default judgment, the court heard argument on the motions of the Commission and denied both. Testimonial and documentary evidence were received in support of the application for judgment, judgment was directed in favor of the plaintiff and a formal, written judgment in accordance there-

with was entered on January 28, 1970. The record also discloses that on January 16, 1970, the Commission filed an answer to the plaintiff's complaint, setting forth as an affirmative defense the court's lack of jurisdiction. No further proceedings were had in the lower court.

■ Initially we address ourselves to the contention advanced by the plaintiff that the Commission's failure to move to vacate the default judgment deprives this court of jurisdiction to entertain this appeal. In the recent case of Byrer v. A. B. Robbs Trust Company, 105 Ariz. 457, 466 P.2d 751 (1970) the court reiterated the settled rule in this jurisdiction that an appeal may not be taken from a default judgment without first having presented a motion to the lower court for relief. See also, McLean v. Territory, 8 Ariz. 195, 71 P. 926 (1903); Martin v. Sears, 45 Ariz. 414, 44 P.2d 526 (1935); Moody v. Lloyds of London, 61 Ariz. 534, 152 P.2d 951 (1944); Big Chief Mining Company v. Kohlburner, 63 Ariz. 317, 162 P.2d 132 (1945). The Commission concedes that such is the rule but urges an exception, i. e., where the judgment is void for lack of jurisdiction. It refers us to the following language in *Byrer*:

> "Defendants do not here question the entry of the default judgment, for they do not challenge the right of the court to enter a judgment of some kind." 105 Ariz. at 458, 466 P.2d at 752.

We note parenthetically that in all of the cases enunciating the principle that application for relief must first be made to the lower court, the defaulting party had either failed to make any application whatsoever for relief from default or the basis for the attack on the judgment was not a jurisdictional one. In the case at bench, the Commission *did* seek relief in the trial court and *did* challenge the court's jurisdiction.

■ The reason for the rule requiring a defendant to initially seek relief in the trial court is to afford that court an opportunity to rule upon a point of law which it had never taken into consideration because

of the defendant's default. Moody v. Lloyds of London, supra. Although the general rule is that there is no appeal from a default judgment, exceptions are recognized where there is a question of jurisdiction or the complaint fails to state a claim for relief. Choate v. Martin, 216 Ark. 488, 226 S.W.2d 52 (1950); Dillman v. Dillman, 409 Ill. 494, 100 N.E.2d 567 (1951); Pacific Savings and Loan Ass'n. v. Bekins, 146 Or. 385, 29 P.2d 816 (1934); McCrosky v. Burnham, 282 S.W. 158 (Mo. App.1926); 4 C.J.S. Appeal and Error § 155a.

No useful purpose would be served at this point to insist upon the Commission filing a motion to vacate the default judgment since the trial court was fully apprised of its jurisdictional challenge. Furthermore, it is clear from the record that the Commission's request to set aside the default was heard on the same day as the application for default judgment, and a motion to vacate the judgment apparently would have been unsuccessful. If there was merit in the Commission's position, and we believe there was it is not inappropriate for this court to set aside a void judgment. State ex rel. Morrison v. Superior Court, 82 Ariz. 237, 311 P.2d 835 (1957); Adams v. Payne, 219 Ga. 638, 135 S.E.2d 423 (1964).

A.R.S. § 23–946, subsec. A, pursuant to which this action was commenced, provides:

"Any person in interest dissatisfied with an order of the commission may commence an action in the superior court of the county where the property, plant or place of employment affected by the order is located against the commission as defendant to set aside, vacate or amend the order, on the ground that the order is unreasonable or unlawful, and the superior court shall have exclusive jurisdiction thereof. The commission shall be served with summons as in civil actions."

Appended to plaintiff's complaint was a copy of a letter written on an Industrial Commission letterhead by the claims manager of the private carrier department which indicated that unemployment benefits were considered as earnings and would be deducted from disability benefits. The prayer for judgment requested, inter alia, that the Commission be enjoined from deducting unemployment benefits from benefits received by plaintiff and all other similarly situated.

It is questionable whether the letter was an "order" of the Industrial Commission. See, Rathjen v. Ind. Comm., 233 Wisc. 452, 289 N.W. 618 (1940); Miller v. State Ind. Accident Comm., 149 Or. 49, 39 P.2d 366 (1934); Mohawk Airlines, Inc. v. C. A. B., 117 U.S.App.D.C. 326, 329 F.2d 894 (1964). However, we need not consider this question since we agree with the Commission that even if it is an order, it is not the type contemplated by A.R.S. § 23–946, subsec. A.

In the case of Murphy v. Ind. Comm. of Arizona, 52 Ariz. 343, 80 P.2d 960 (1938), the Arizona Supreme Court construed the 1928 statutory predecessor of A.R.S. § 23–946, subsec. A and concluded that the word "order" did not include orders fixing the amount of compensation. Plaintiff contends, however, that *Murphy* is no longer controlling, citing the later case of Gashette v. Industrial Commission, 80 Ariz. 5, 291 P.2d 783 (1955). In *Gashette*, the court held that an order of the Commission denying a request to convert to a lump sum payment the compensation previously awarded to the claimant, was an "order" and not an award, hence certiorari to the Supreme Court was unavailable to review it. We do not agree with plaintiff's argument since the "order" in *Gashette* was not a decision as to the *amount* of compensation payable to the claimant. The subject "order," however, is a determination as to the amount of compensation, and therefore its validity is not subject to review pursuant to A.R.S. § 23–946, subsec. A.

The face of plaintiff's complaint reveals that the superior court had no jurisdiction

to review the purported "order" which rendered the judgment a nullity. Since the record plainly shows the jurisdictional infirmity, we are required to reverse. 5B C.J.S. Appeal and Error § 1891.

Judgment reversed and cause remanded with directions to dismiss the complaint.

HOWARD, C. J., and KRUCKER, J., concur.