IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

––––––––––––––––––––––––––––––

RANDY MELBYE,
*Plaintiff/Appellee,*

*v.*

ROCIO DENNIS,
*Defendant/Appellant.*

No. 2 CA-CV 2023-0209
Filed September 9, 2024

––––––––––––––––––––––––––––––

Appeal from the Superior Court in Santa Cruz County
No. S1200CV202100220
The Honorable Thomas Fink, Judge
The Honorable Liliana Ortega, Judge

**AFFIRMED**

––––––––––––––––––––––––––––––

COUNSEL

Windtberg Law PLC, Phoenix
By Marc Windtberg
*Counsel for Plaintiff/Appellee*

Law Office of Mark L. Williams, Nogales
By Mark L. Williams
*Counsel for Defendant/Appellant*

## OPINION

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Gard and Chief Judge Staring concurred.

E C K E R S T R O M, Judge:

**¶1**        Rocio Dennis appeals from the superior court's May 2023 final judgment in favor of Randy Melbye.  For the reasons that follow, we affirm.

## Factual and Procedural Background

**¶2**        In August 2021, Melbye—by and through his conservator/guardian—filed a complaint against Dennis for financial exploitation of a vulnerable adult under A.R.S. § 46-456(A).  The complaint alleged that Dennis had, among other things, enabled and exacerbated Melbye's gambling addiction, presented herself as his caregiver to gain his trust, and tricked him into signing a quitclaim deed by which she took ownership of his home.  In December 2021, Melbye filed an amended complaint, adding claims for breach of contract, conversion, and unjust enrichment, and requesting a declaratory judgment that the quitclaim deed was invalid and unenforceable.

**¶3**        Eight days after being served with the amended complaint, Dennis—appearing pro se—filed a handwritten document entitled "Motion to Dismiss Case" in which she stated she was "denying all proceeding allegations" in all five counts of Melbye's amended complaint, which she attached.  Judge Fink of the superior court denied Dennis's motion in early May 2022.  Dennis did not file an answer within ten days. *See* Ariz. R. Civ. P. 12(a)(2)(A).  Thus, on May 17, Melbye filed an application and declaration for entry of default.  Dennis again did not file an answer within ten days, and the default thus became effective at the end of May. *See* Ariz. R. Civ. P. 55(a)(4), (5).  In early June, Melbye requested a default hearing for the purpose of entering default judgment.  Finding that Dennis had appeared and filed a motion to dismiss but had then failed to file an answer after that motion was denied, and further finding that default had become effective, Judge Fink set a default hearing for the purpose of determining damages.

¶4 At the end of August 2022, Dennis filed an answer to the amended complaint. Later that day, she also filed a motion to set aside default. In November, Judge Ortega of the superior court denied the motion on the grounds that Dennis had: (a) failed to act promptly to seek relief from entry of default; (b) not shown that her failure to file a timely answer was due to mistake, inadvertence, surprise, or excusable neglect; and (c) failed to establish a meritorious defense. *See Richas v. Superior Court*, 133 Ariz. 512, 514 (1982); *see also* Rules 55(c), 60(b), Ariz. R. Civ. P. The court then set a default hearing.

¶5 In December 2022, Dennis filed a motion asking the superior court to reconsider its May 2022 denial of her motion to dismiss, as well as its setting of the default hearing. Judge Ortega denied the motion. In so doing, she noted that more than seven months had passed since the denial in question and that—although Dennis had provided "interesting arguments as to whether the motion to dismiss should have been considered an answer"—she had provided "no explanation" as to why the motion to reconsider could not have been made sooner, "closer to the date of the ruling." The court also refused to continue the default hearing, which occurred on December 15.

¶6 After the hearing but before the entry of default judgment, Dennis filed a petition for special action in this court, asserting many of the same arguments she now asserts on appeal. We declined to accept jurisdiction.

¶7 In May 2023, Judge Ortega entered final judgment in favor of Melbye on all counts of the amended complaint. She found that Melbye was entitled to judgment by way of default because Dennis had not timely answered the amended complaint, Melbye had requested entry of default, and Dennis had then failed to file an answer within the time allotted by Rule 55(a), such that the default had become effective. The court further ruled that Dennis had obtained and recorded the quitclaim deed in violation of § 46-456, declared the deed void, and permanently enjoined Dennis from asserting any right to or interest in Melbye's property. The court awarded Melbye actual damages totaling over $35,000 for lost rent, lost personal property, and attorney fees. In addition, after finding that the actual damages had arisen from Dennis's financial exploitation of a vulnerable adult under § 46-456(A), the court awarded Melbye $20,000 in additional damages—$10,000 each for statutory and compensatory damages. *See* § 46-456(B). This appeal followed.

**Jurisdiction & Preservation of Claim**

¶8　　　　Melbye notes, correctly, that "[a] default judgment itself is generally not appealable, although an appeal may be taken from an order setting aside or declining to set aside a default judgment." *See Byrer v. A. B. Robbs Tr. Co.*, 105 Ariz. 457, 458 (1970) ("clear under the settled decisions" of our supreme court, given "uniform holding . . . from Territorial days," that "there is no appeal from a default judgment unless the party appealing first moves the trial court under Rule 55(c) to set aside the judgment"). Melbye also accurately observes that Dennis did not seek relief from the superior court's May 2023 default judgment before filing her notice of appeal.　However, it does not follow—as Melbye contends—that we lack jurisdiction over this appeal.

¶9　　　　The "general rule" that there is no appeal from a default judgment and that the defaulting party's "primary remedy" is a motion for relief from judgment, *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983), is a prudential doctrine, not a jurisdictional bar.　*See, e.g.*, *Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 435-36 (App. 1980) (rejecting possibility that *Byrer* establishes "absolute requirement" of post-judgment motion in all cases where party is in default and finding jurisdiction over appeal from default judgment where no motion to vacate or set aside judgment had been filed).　The statutes that define our jurisdiction do not mention any limitation on appeals from default judgments.　*See* A.R.S. §§ 12-120.21, 12-2101; *see also Baker v. Bradley*, 231 Ariz. 475, ¶ 8 (App. 2013) (appellate jurisdiction "is defined by statute").　And even the jurisprudence discussing a limitation on appeals from default judgment recognizes that exceptions apply. *See, e.g.*, *Hirsch*, 136 Ariz. at 311; *Indus. Comm'n v. Parise*, 13 Ariz. App. 522, 524 (1970).

¶10　　　　Further, in treating rulings on motions to set aside default judgments as "special order[s] made after final judgment," § 12-2101(A)(2), our longstanding case law implicitly accepts that default judgments are themselves "final judgment[s]" under § 12-2101(A)(1).　*E.g.*, *Bateman v. McDonald*, 94 Ariz. 327, 329 (1963) (holding, as matter of first impression, that order setting aside or refusing to vacate default judgment is appealable as special order made after final judgment); *Sanders v. Cobble*, 154 Ariz. 474, 475-76 (1987); *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, ¶ 14 (App. 2016); *see also* Ariz. R. Civ. P. 54(d) (discussing default judgments and "other final judgment[s]").　"Where the legislature has granted a right of appeal, as it has in the case of final judgments, the law will seek to uphold the right granted." *Sears*, 127 Ariz. at 435-36 (default judgment "was a final

judgment" and appeals court had jurisdiction over direct appeal therefrom).

**¶11**　　　As we have explained, "The reason for the rule requiring a defendant to initially seek relief in the trial court is to afford that court an opportunity to rule upon a point of law which it had never taken into consideration because of the defendant's default." *Parise*, 13 Ariz. App. at 523-24; *cf. Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 132 (App. 1984) (relevant consideration in determining "how a default judgment can be attacked" is whether superior court was given "sufficient opportunity for reconsideration").  Here, as Melbye concedes, Dennis presented her central claim on appeal—that her December 2021 "Motion to Dismiss" should have been deemed a timely filed answer—before the superior court.  Indeed, the first and central section of argument in Dennis's opening brief is nearly identical to the argument presented in her December 2022 motion to reconsider.

**¶12**　　　Melbye argues that Dennis's motion to reconsider "sought reconsideration of the wrong orders."  We agree that Dennis should have requested reconsideration of the superior court's November 10, 2022 denial of her August motion to set aside entry of default—not of its May 2 denial of her initial motion to dismiss or its November 17 order setting a default hearing.  *See Sears*, 127 Ariz. at 435 (motion to dismiss "not logically cognizable" by superior court while defendants were in default because party in default enjoys no right to participate in any further proceedings except via motion to set aside default or related filings not going to plaintiff's right of action).  We also agree that Dennis should have raised the request that her motion to dismiss be deemed an answer in the initial motion to set aside entry of default, rather than presenting it in her motion for reconsideration.  *See Ramsey v. Yavapai Fam. Advoc. Ctr.*, 225 Ariz. 132, ¶ 18 (App. 2010) (appeals court generally does not consider arguments raised for first time in motion for reconsideration, in part because opposing party may have been "deprived of the opportunity to respond to these arguments").

**¶13**　　　However, the record reflects that the possibility of the December 2021 motion to dismiss being "treated as a potential answer to the complaint" was raised at an initial default judgment hearing in August 2022.  At that time, Judge Cartwright continued the matter because it was "unknown if Judge Fink"—who had denied the motion to dismiss in May 2022 and then entered two orders in June 2022 setting a default hearing—"deemed the Motion to Dismiss as an Answer to the Complaint or if Default

is appropriate." But, in denying Dennis's motion to set aside entry of default in November 2022, Judge Ortega not only agreed with Judge Fink that default had become effective in May 2022, she further explained that Dennis's denials of the complaint's allegations in her motion to dismiss "were not submitted in proper form, and [Judge Fink] did not accept the pleading as an answer." Judge Ortega then expressly found that, although Dennis "had notice and opportunity to answer the complaint," she had "merely failed to do so."

¶14 Thus, before its entry of the final default judgment, the superior court was afforded the opportunity to consider Dennis's claim that her motion to dismiss should have been deemed an answer—her central challenge to the default judgment. "No useful purpose would be served at this point to insist upon" Dennis having filed a motion to vacate the default judgment. *Parise*, 13 Ariz. App. at 524. The court was "fully apprised" of her position, *id.*, and Melbye suffered no prejudicial deprivation of an opportunity to respond, *see Ramsey*, 225 Ariz. 132, ¶ 18.

¶15 Dennis timely filed a notice of appeal from the superior court's final default judgment. *See* Ariz. R. Civ. P. 6(a)(3), 54(a), (c), (d), 58(b)(1); Ariz. R. Civ. App. P. 5(a), 9(a). We therefore have jurisdiction pursuant to §§ 12-120.21(A)(1) and 12-2101(A)(1). Insofar as Dennis's notice of appeal references other interlocutory orders that were not themselves separately appealable, we note that upon an appeal from a final judgment, appellate courts properly review "any intermediate orders involving the merits of the action and necessarily affecting the judgment, and all orders and rulings assigned as error." A.R.S. § 12-2102(A).

**Discussion**

¶16 As discussed, Dennis's central claim on appeal is that we must deem her December 2021 motion to dismiss "a timely filed answer to the complaint and set aside the default and default judgment because the body of a pleading determines what the pleading is, not the caption." Her other claims depend on this contention.

¶17 We review *de novo* a superior court's interpretation and application of our procedural rules. *Hustrulid v. Stakebake*, 253 Ariz. 569, ¶ 12 (App. 2022). Here, Judge Fink repeatedly characterized Dennis's December 2021 filing as a motion to dismiss, not an answer to Melbye's amended complaint. Later, in refusing to set aside entry of default, Judge Ortega noted that Judge Fink had not accepted the filing as an answer, also finding that the denials in Dennis's December 2021 filing "were not

submitted in proper form." She also ruled that Dennis had "fail[ed] to file an answer" and that, although she "had notice and opportunity to answer the complaint," she "merely failed to do so." Finally, in entering final default judgment, Judge Ortega again found that Dennis "did not timely answer the Amended Complaint," either via her December 2021 filing or in response to Melbye's request for entry of default.

¶18 We agree. Dennis's December 2021 filing was not an answer. As an initial matter, it was not designated an answer, but rather a "motion to dismiss case." *See* Ariz. R. Civ. P. 7, 10(a). Further, the filing was not—as Dennis contends—merely a miscaptioned "Answer" whose body reflects its true nature. The filing did not state Dennis's "defenses to each claim asserted against [her]" or "fairly respond to the substance" of any of Melbye's eighty-four allegations. Ariz. R. Civ. P. 8(c)(1)(A), (2). Instead, in terms of substantive response, it stated only that this case was "a repeat" of another case that had already been litigated.[1] Thus, by its own terms, Dennis's December 2021 filing was a "motion to dismiss" for failure to state a claim on *res judicata* grounds. By rule, a motion asserting that defense was required in this case to be "made before pleading." Ariz. R. Civ. P. 12(b)(6). That is precisely what Dennis did by filing her properly titled motion to dismiss in December 2021, within twenty days after being served with the amended complaint. *See* Ariz. R. Civ. P. 12(a)(1)(A)(i). However, she then failed to timely file an answer after the trial court denied her motion or after Melbye filed his application for entry of default. *See* Ariz. R. Civ. P. 12(a)(2)(A), 55(a)(5).

¶19 Finally, Dennis later avowed, and her counsel argued, that she had filed and served her answer to the amended complaint on August 29, 2022—the same day she filed the motion to set aside. This plainly contradicts Dennis's later claim that her earlier "motion to dismiss case" was intended by Dennis as an answer. Only later, in her motion to reconsider filed in December 2022, did Dennis argue that the court should

---

[1]In denying Dennis's motion to dismiss, the superior court rejected this argument. It explained that the earlier case had been an eviction action against Melbye, in which he had been precluded from raising the causes of action for financial exploitation of a vulnerable adult and theft at issue in this case. *See* RPEA 8. The court further clarified that Melbye's claims that Dennis had obtained title to his property by improper means "were not litigated in that eviction action," which was limited to Dennis's claim of the right to possession.

have deemed her December 2021 "motion to dismiss" an answer. Because Dennis did not deem her December 2021 filing an answer until long after entry of default, there was no injustice in Judge Fink initially treating the "motion to dismiss" as exactly that, or in Judge Ortega later adopting and expounding upon that approach. *See* Ariz. R. Civ. P. 1 (our rules of civil procedure are to be construed and administered to achieve "just, speedy, and inexpensive determination of every action and proceeding"), 8(f) (courts are required to construe pleadings "so as to do justice").

## Attorney Fees and Costs

¶20         Melbye requests an award of his attorney fees and costs incurred on appeal pursuant to A.R.S. § 46-456(B). Given our affirmance of the superior court's judgment finding Dennis in violation of § 46-456(A), such an award is mandatory. *See* § 46-456(B). We reject Dennis's request for attorney fees and costs.

## Disposition

¶21         For the foregoing reasons, we affirm the judgment of the superior court and award Melbye his reasonable fees and costs on appeal, upon his compliance with Rule 21(b), Ariz. R. Civ. App. P.