[Civil No. 4619.   Filed October 16, 1944.]

[152 Pac. (2d) 951.]

L. L. MOODY, Appellant, v. LLOYD'S OF LONDON, Appellee.

Mr. W. H. Chester, for Appellant.

Messrs. Beer & Christy, for Appellee.

STANFORD, J.—In November, 1940, appellant was employed by the Red Rover Copper Company, and on entering the employment entered into a written renouncement rejecting the terms of the Workmen's Compensation Law, at which time the Red Rover Copper Company was carrying two insurance policies with the appellee, one policy being for the payment of benefits in the event of death or injury to the Red Rover Copper Company's employees who had rejected the provisions of the Workmen's Compensation Law, and the other policy protecting the employer in the event an employee who had rejected said Act chose not to take the benefits provided in the first policy but elected to sue the employer at common law or under the Employer's Liability Act.

Appellant was injured while so employed in an accident arising out of and in the course of his employment, and thereafter he made claim to the appellee Lloyd's of London under the provisions of the first policy and was paid by the appellee $766.12, and paid on account of medical treatment the sum of $205.

Appellant thereafter applied to the Arizona Industrial Commission for an award under the provisions of the Arizona Workmen's Compensation Law and set forth that his rejection of that act was acquired by fraud and duress, and upon hearing thereon the Industrial Commission held that the rejection of the Workmen's Compensation Law was null and void

and made an award to the appellant in the sum of $720.75, payable forthwith, together with medical expenses. Also the award further ordered:

"It is further ordered that liability on the part of the defendant for temporary total disability compensation and permanent partial disability compensation, and additional medical, surgical and hospital services does not cease at this time and that said liability for the said compensation and medical benefits shall run concurrent with the disability of applicant and final liability of the said employer shall be determined by this Commission at such time as the condition of the said applicant has become stationary by reason of his recovery from the effects of the said injury.

"It is further ordered that this award be paid within ten days from the date of service hereof.

"It is further ordered that all payments heretofore made by the defendant or which defendant has caused to be made shall be allowed as a credit upon this award upon satisfactory proof of the payment thereof."

From this award the Red Rover Copper Company appealed to the Supreme Court, and this court in November, 1941, rendered its opinion in favor of the Industrial Commission of Arizona and L. L. Moody.

Appellant on November 12, 1941, filed in the Superior Court of Maricopa County the aforesaid judgment, and on July 13, 1942, filed in said court an affidavit on garnishment stating that he had reason to believe that appellee was indebted to defendant Red Rover Copper Company and a writ of garnishment was issued against appellee. On July 23, 1942, appellee filed its answer as garnishee, denying that it was indebted to the Red Rover Copper Company, or that it had effects in its possession belonging to said company, or that said Red Rover Copper Company owned any interest in the appellee corporation. Appellee at said time filed its cross-complaint against

appellant alleging that appellant having been injured as aforesaid, and having rejected the Arizona Workmen's Compensation Law, appellant had made application to appellee at that time for payment under the insurance policy issued and under that policy this appellee paid to the appellant the sum of $766.12, and paid on account of medical treatment the further sum of $205, and in said cross-complaint the appellee demanded repayment of the sum so paid to the appellant, and alleged that appellant refused to pay same and the appellee asked for judgment against the appellant in said amount.

A period of approximately four months elapsed after filing the last pleading above mentioned, and appellant having failed to controvert the appellee's answer on garnishment or its cross-complaint, the appellee took a default against the appellant in said Superior Court, which said default was entered on November 23, 1942. On November 23, 1942, appellee filed its motion for judgment on said default and according to the records, due notice was given to the appellant of said motion. On November 30, 1942, appellant filed an affidavit controverting appellee's answer in garnishment and filed a tender of issue.

We find from the minute entries dated December 7, 1942, sent by the clerk of the Superior Court, the following:

"Thereupon, this cause comes on duly for hearing before the Court on Garnishee's Motion for Judgment, and the following evidence is introduced on behalf of the Plaintiff":

Following that the minute entry shows that one witness testified and two exhibits were introduced in evidence. The minute entry further shows:

" . . . At the conclusion of which testimony,

"It is ordered granting garnishee's motion for judgment, in favor of answering garnishee (Underwriters

at Lloyd's of London) and against Plaintiff in the sum of $971.12, together with attorney's fees in the sum of $100.00 as prayed for.''

We understand from the minute entry that a reporter took the evidence herein, but no transcript was sent to this court, and we find divergent representations set forth by appellant and appellee.

The matter for us to determine is whether or not an appeal may be taken from a default judgment without first having presented a motion to the lower court to set aside the default and such judgment.

Our statute on the subject of setting aside a default is set forth in Sec. 21–1207, Arizona Code 1939, as follows:

''For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b) (§ 21–1502).''

And said Last Sec. 21–1502 reads as follows:

''*Mistake—Inadvertence—Surprise—Excusable neglect.*—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six (6) months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one (1) year a judgment obtained against a defendant not actually personally notified.''

The appellant made no motion to set aside the default. The minute entry shows that the judgment in this cause was granted on a motion for judgment on default.

In the case of *McLean* v. *Territory,* 8 Ariz. 195, 71 Pac. 926, 928, this court held:

" ' . . . The very theory and constitution of a court of appellate jurisdiction only is the correction of errors which a court below may have committed; and a court below cannot be said to have committed an error when their judgment was never called into exercise, and the point of law was never taken into consideration, but was abandoned by the acquiescence or default of the party who raised it.' . . . The remedy of a party in such case is to apply to the court to have the default opened, or to have the order or judgment set aside, and he can thus obtain all the relief he ought to have."

In the case of *Martin* v. *Sears,* 45 Ariz. 414, 44 Pac. (2d) 526, 528, we held:

" . . . No answer having been filed within the time specified by the summons, plaintiff was entitled to have a default entered. Section 3846, R. C. 1928. So long as parties are in default, they have no right to participate in any further proceedings in the case, except a motion to set aside the default and petition for leave to appear and answer, or some similar matter not going to plaintiff's right of action. *Christerson* v. *French,* 180 Cal. 523, 182 Pac. 27; *Laclede Land & Imp. Co.* v. *Creason,* 264 Mo. 452, 175 S. W. 55. Such being the case, the demurrer was properly stricken."

As we have quoted, the minute entry of the Superior Court Clerk shows that plaintiff below introduced evidence and we were inclined to believe that the trial court had recognized the appellant Moody by accepting evidence although default was not set aside, but on careful examination of the exhibits we find two insurance policies marked as the plaintiff's Exhibit A were issued May 29, 1940, to the Red Rover Copper Company, and also find as plaintiff's Exhibit B twelve drafts in favor of appellant Moody aggregating the sum of $766.12, the amount sued for in the

counterclaim. Those drafts showing payment to Moody were duly endorsed by him. All of this indicates a mistake in the designation of the party who introduced the evidence for such papers support the pleadings of garnishee on the counterclaim.

Appellant submits several assignments of error, but we will give our attention but to two of these.

1. "Payment made voluntary and with the full knowledge of facts precludes payor from any recovery for such voluntary payment, and a judgment declaring such payment 'wrongful' and granting recovery is error."

This court adopted the general rule as to voluntary payments in the following from the case of *Merrill* v. *Gordon,* 15 Ariz. 521, 140 Pac. 496, 501, to which we adhere:

"The general rule as to voluntary payments is stated in 30 Cyc. 1298; as follows: 'Except where otherwise provided by statute, a party cannot by direct action or by way of set-off or counterclaim recover money voluntarily paid with a full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed.' And this is the rule adopted by the English courts, the federal courts, and all the state courts, except the states of Georgia and Kentucky. . . . "

The second point is that garnishment is strictly a statutory proceeding and all pleadings under it must be in accordance with the statute.

Sec. 25–209, Arizona Code Annotated 1939, reads as follows:

"*Procedure after answer.*—Should it appear from the answer of the garnishee that he is not indebted to the defendant, and was not indebted when the writ was served on him, and that he has not in his possession any property of the defendant, and had not when the writ was served; and when the garnishee is a corporation in which the defendant is alleged to be

the owner of shares of stock or interest therein, that the defendant is not and was not when the writ was served the owner of any shares or interest therein; and should the answer of the garnishee be not controverted as hereinafter provided, the court shall enter judgment discharging the garnishee."

From the foregoing we must dismiss the appeal as well as the counterclaim, and each party to bear its own cost.

McALISTER, C. J., and ROSS, J., concur.