[Civil No. 4713.   Filed October 2, 1945.]

[162 Pac. (2d) 132.]

BIG CHIEF MINING COMPANY, a Corporation, and B. E. MILLER, Appellants, v. FRED A. KOHLBURNER, as Administrator of the Estate of George Kohlburner, Deceased, Appellee.

Mr. T. E. Scarborough, Mr. Maurice D. Brown and Mr. Jacob Morgan, for Appellants.

Mr. Leo T. Stack, for Appellee.

SCOVILLE, Superior Judge. — This action was brought in the court below by the appellee to foreclose a mortgage against appellant, Big Chief Mining Company, a corporation, on certain mining claims located in Yavapai county, and for a money judgment against the appellant, B. E. Miller, who it was alleged had received certain moneys due appellee in connection therewith and had converted them to his own use. The judgment was taken after the default of appellants had been entered for their failure to appear and defend.

The appellee has moved to dismiss this appeal, contending that an appeal may not be taken from a default judgment without first having presented a motion to the lower court to set aside the default and such judgment. Appellee urges that upon the state of the record the only order from which an appeal could have been taken was an order entered by the trial court before judgment denying appellants' motions to vacate the default and for leave to file answers, and that no appeal was taken therefrom within the time permitted. As the matter now is brought before us on an appeal from the judgment, appellee contends for its dismissal because of the appellants' failure to have first moved the court below to set that judgment aside and permit them to defend.

Examination of the record does disclose that the default of both appellants was properly entered and that the rules of civil procedure applicable were properly followed by appellee. In fact, appellant does not assign any of these matters as error. The record further discloses that no appeal was taken from the order denying the appellants' motions to vacate the order entering their default and denying appellants' petitions to be permitted to file answers which were heard and ruled upon prior to the taking of the judgment.

If this appeal may be properly entertained by this court, the only assignment of error worthy of consideration is one raised as to the jurisdiction of the lower

court to enter judgment against Miller for the amount that it did, contending, therefore, that the judgment is void. No action whatsoever was taken by appellants in the lower court after entrance of the default judgment except this appeal therefrom.

The general rule is found to have been made the law of this forum in *McLean* v. *Territory,* 8 Ariz. 195, 71 Pac. 926, 927, in which this court fully reviewed the reasons for the existence of the rule, and dismissed the proceedings in error brought upon an assignment alleging lack of jurisdiction in the lower court to enter the judgment by default. The reasons assigned for dismissal of the appeal are appropriate to the proceedings here. The court said:

''It seems to us that there are two reasons that preclude our reviewing this case; the one being that it calls for a review of a judgment by default without any motion having been made in the lower court to open the default and grant a new trial, wherein the court of original jurisdiction might have an opportunity to correct any errors that it might have committed, and the other reason being that if the lower court had no jurisdiction over the person of the defendants or the subject-matter of the action, as alleged, its judgment was absolutely void, and the proper procedure by the plaintiffs in error was by motion in the lower court rather than by review in this—the appellate—court.''

The rule announced in *McLean* v. *Territory, supra,* was approved and followed in *Moody* v. *Lloyd's of London,* 61 Ariz. 534, 152 Pac. (2d) 951, wherein this court held that an appeal may not be taken from a default judgment without first having presented a motion to the lower court to set aside the default and such judgment.

In the instant case, presuming that under the facts and law applicable appellants' contention is a correct one, i. e., that the lower court was without jurisdiction to enter judgment against the appellant Miller for more than $400, instead of the $600 which was entered, the defaulting appellant had open to him the right to

move the lower court for the appropriate relief, and he must do so under these facts before seeking relief here.

It is proper to presume that had appellants presented to the lower court the alleged ground of error, and that if those grounds were well founded in the law, appellants would have obtained the relief sought here, but appellants never called into exercise the judgment of the lower court. That the appellants, even though the default had been taken against them and relief therefrom denied, had the right to come into the lower court and move to vacate the court's judgment upon the ground that the court had acted without jurisdiction, was firmly established in *McLean* v. *Territory, supra,* and the right to do so is now provided for in Sections 21–1207 and 21–1502, Arizona Code Annotated 1939.

The motion to dismiss the appeal is granted.

STANFORD, C. J., and LaPRADE, J., concurring.

NOTE: MORGAN, J., being disqualified, the Honorable HAROLD R. SCOVILLE, Judge of the Superior Court of Maricopa County, was called to sit in his stead.