361 P.2d 547

**Howard S. HORNE, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR COUNTY OF PIMA, and the Honorable Herbert F. Krucker, Judge thereof, and Great Lakes Airmotive, Inc., a corporation, Respondents.**

**No. 7231.**

Supreme Court of Arizona.

April 26, 1961.

Rehearing Denied June 20, 1961.

Earl Terman, Tucson, for petitioner.

Wilson & Books, Sophie Silverstone, Tucson, for respondents.

LOCKWOOD, Justice.

Petitioner seeks by certiorari to determine whether the Superior Court of Pima County has exceeded its jurisdiction. Suit was brought against petitioner for $191.90 on a verified account in Tucson Precinct Justice Court #2 on May 2, 1960. Petitioner did not answer within the time required by law and default judgment was entered against him on May 18, 1960, for the amount of the claim, plus interest and costs. Petitioner (defendant) then perfected an appeal to the Superior Court of Pima County, and on November 18, 1960, filed an answer and counterclaim in the case on appeal, although none previously had been filed in the Justice Court. Respondent (plaintiff) moved to strike the answer and counterclaim and for judgment on the pleadings, both of which motions were granted. Shortly thereafter, the court ordered a rehearing on the motions, at which time it affirmed its original orders.

Petitioner then brought this writ contending only that the superior court had no authority to grant the motion for judgment on the pleadings because such a motion cannot be considered as one made on the pleadings when it is made on one pleading alone, and only plaintiff's complaint had been certified on appeal. Petitioner also suggested that if the superior court thought the case was before it prematurely, the proper procedure would have been to dismiss the appeal without prejudice so that

petitioner might have moved to set aside the default judgment in the justice court. Petitioner has never moved for such a dismissal and, in any event, the six-month period during which a default judgment can be set aside under Rule 60(c) had expired at the time of the above described orders of the superior court, as had the power of the justice court to grant such a motion. State v. McCarrell, 80 Ariz. 240, 295 P.2d 1086; Rule 6(b), Rules of Civ.Proc., 16 A.R.S.

■ Respondent contends that it is the settled rule in this jurisdiction that no appeal can be taken from a judgment until the defaulting party has first moved to set aside the default judgment. Insofar as appeals from judgments of the superior court are concerned, this is correct. Big Chief Mining Company v. Kohlburner, 63 Ariz. 317, 162 P.2d 132; Moody v. Lloyd's of London, 61 Ariz. 534, 152 P.2d 951; Martin v. Sears, 45 Ariz. 414, 44 P.2d 526; McLean v. Territory, 8 Ariz. 195, 71 P. 926. We think the rule is otherwise in an appeal from a judgment of a justice of the peace.

A.R.S. § 22–261, subd. A which gives any party to a final judgment of a justice of the peace the right to appeal where the judgment or amount in controversy exceeds $20, has been carried forward through the Arizona Codes of 1901, 1913, and 1928. Rule 80(c), Rules of Civ.Proc. provides that a case appealed from a justice of the peace shall be tried de novo. Although the precise question has not been presented to this Court upon an appeal from a judgment of a justice of the peace in a civil action, this Court has upon numerous occasions in appeals from administrative agencies to the superior court, wherein the statute provides for a trial de novo, interpreted "trial de novo" to mean a case to be tried in all manners as though the superior court were the court of original jurisdiction. In Burris. v. Davis, 46 Ariz. 127, 46 P.2d 1084, 1086, we held that an appeal from a judgment and sentence of a justice of the peace on a plea of guilty in a criminal action entitled the defendant to a trial de novo and the case should be heard on both the law and the facts as though it had originated in the superior court. The reason for this ruling is well set forth as follows:

" * * * it is a well-known fact that the presiding magistrates in justice and police courts are seldom skilled in the law; that proceedings therein are apt to be summary in their nature; and that although defendants, technically speaking, may have been advised as to their rights in the premises, they are not as a rule fully conversant therewith, so that to deny the right of appeal where a plea of guilty has been entered might in some cases work a grievous injustice. * * *

" \* \* \* While a few of our inferior magistrates are men trained in the law, the greater number of them are not and cannot be so prepared. As a result, the proceedings in these inferior tribunals are naturally and necessarily more or less informal in their manner, and frequently conducted without strict observance of the rules of both procedural and substantive law. In the vast majority of judgments of such tribunals the results, although arrived at informally, are probably in conformity with substantial justice. There are, however, at times cases where, with the best intentions upon the part of the presiding magistrate, an injustice has been done." Burris v. Davis, supra.

In Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215, 218, involving an appeal to the superior court from an order of the Superintendent of Liquor Licenses and Control, the court pointed out that it was governed by the provisions of A.C.A.1939, § 20–707, which was identical with Rule 80(c), supra. The court in discussing the meaning of trial de novo said

"It has always been the practice in Arizona *in appeals from the justice court to a superior court that the case be tried as though it were one of original jurisdiction in the superior court,* and in Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084, we have held that to be the correct rule in considering similar language in regard to criminal appeals. \* \* \* It would, therefore, seem to be the law of Arizona that on a trial de novo, where by our statute an appeal is allowed from the action of an administrative board to the superior court, in the absence of a specific statute to the contrary, the case should be tried in all manners as though the superior court were the court of original jurisdiction.

\* \* \* \* \* \*

"We hold, therefore, that on appeals from *an inferior court* or administrative board to the superior court, unless the statute expressly provides otherwise, the case will be heard by the superior court in the same manner as though it were an original proceeding in that court, \* \* \*". (Emphasis supplied.)

■ In conformity with the above reasoning, we hold that the appellate jurisdiction of the superior court differs from that of the Supreme Court in that it is the duty of the former to proceed with a trial de novo in the case appealed. This, of course does not mean that a superior court may entertain an appeal from a justice court in a matter in which the justice court did not have original jurisdiction. See Rojas v. Kimble, 89 Ariz. ——, 361 P.2d 403.

If the original jurisdiction is beyond that of the justice court, the matter must of course be filed and commenced in the proper tribunal. However, upon a proper appeal from a justice court which had jurisdiction, the superior court must in all manners follow the procedures which it does in a case in which it had original jurisdiction. In the instant case the respondent (plaintiff in the justice court) having filed its complaint, and having secured a default judgment, petitioner (defendant in the justice court) had the right to perfect an appeal from such judgment and therefore was entitled to file such pleadings as were proper to answer the complaint and to have the matter determined as it would have been in a case of original jurisdiction in the superior court. The superior court therefore erred in striking the answer and counterclaim on the ground that the petitioner had failed to move in the justice court to set aside the default judgment.

It is therefore ordered annulling the judgment of the superior court, reinstating petitioner's answer and counterclaim, and directing the superior court to proceed accordingly.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concurring.