466 P.2d 751

James R. BYRER and Mary C. Byrer, his wife, Daniel Inselberg and Dorothy Inselberg, his wife, J. J. Molinar, Frank G. Pina, Frank G. Pina, Jr. and Christine Pina, his wife, Stewart Title & Trust of Phoenix, an Arizona corporation, Appellants,

v.

A. B. ROBBS TRUST COMPANY, an Arizona corporation, Appellee.

No. 9666.

Supreme Court of Arizona, In Division.

March 26, 1970.

See also 102 Ariz. 559, 434 P.2d 645.

Standage & Allen, by Gove L. Allen, Mesa, for appellants.

Murphy, Posner & Franks, by John A. Murphy, Jr., Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

In this appeal A. B. Robbs Trust Company as plaintiff in the court below obtained a default judgment foreclosing certain notes and mortgages. Defendants here urge error arising out of these facts.

At the time Robbs Trust Company filed its complaint, an application was made for a receiver. Defendants' attorney entered into discussions with plaintiff's attorney concerning the desirability of a receiver. These discussions culminated in an agreement that plaintiff would collect the rents and that no receiver would be appointed. Defendants' counsel, believing that the agreement had effected a settlement of the most urgent problems connected with the litigation, did not answer plaintiff's complaint within the 20 days allowed by law. Plaintiff's counsel accordingly entered defendants' default and served the necessary notice that plaintiff would apply for judgment on the default under Rule 55(b), Rules of Civil Procedure, A.R.S. 16. Defendants moved to set aside the entry of default under Rule 55(c). The trial court denied defendants' motion and entered judgment in favor of plaintiff, ordering that the mortgage be foreclosed and allowing attorneys' fees to plaintiff in the amount of $900.00 The appeal is directly from the judgment and it only questions the inclusion of a $900.00 item for attorneys' fees.

No action whatsoever was taken by defendants after entrance of the default judgment except to perfect this appeal. They did not move to set aside the default judgment under Rule 55(c), or for mistake, inadvertence, surprise or excusable neglect under Rule 60(c), or to vacate the judgment and be granted a new trial under Rule 59(a) and (i) on the grounds of excessive damages, or to alter or amend the judgment under Rule 59(*l*).

■ The Robbs Trust Company urges that there is no appeal from a default judgment unless the party appealing first moves the trial court under Rule 55(c) to set aside the judgment. This has been the uniform holding of this Court from Territorial days. In Horne v. Superior Court, in and for Pima County, 89 Ariz. 289, 361 P.2d 547, we said:

"Respondent contends that it is the settled rule in this jurisdiction that no appeal can be taken from a judgment until the defaulting party has first moved to set aside the default judgment. Insofar as appeals from judgments of the superior court are concerned, this is correct. Big Chief Mining Company v. Kohlburner, 63 Ariz. 317, 162 P.2d 132; Moody v. Lloyd's of London, 61 Ariz. 534, 152 P.2d 951; Martin v. Sears, 45 Ariz. 414, 44 P.2d 526; McLean v. Territory, 8 Ariz. 195, 71 P. 926." 89 Ariz. at 291, 361 P.2d at 548.

It is clear under the settled decisions of this Court that no appeal lies challenging the entry of a judgment on default unless the appealing party first moves under Rule 55(c) to set aside the judgment.

■ Defendants do not here question the entry of the default judgment, for they do not challenge the right of the court to enter a judgment of some kind. As stated, they are here asserting that the item of $900.00 allowed in the judgment for attorneys' fees was improper. Their appeal is bottomed on the facts that at the time they moved to set aside the entry of default they also filed a motion to dismiss plaintiff's complaint. In the motion for dismissal they set forth that plaintiff was not entitled to attorneys' fees. The motion contained other grounds which could have been construed by the court below as a meritorious defense as required by our decisions, see e. g. Damiano v. Damiano, 83 Ariz. 366, 321 P.2d 1027, if the court was satisfied that the facts otherwise justified the setting aside of the entry of default. The bare record before us does not, however, disclose whether the court refused to vacate the entry of default for the reason that a meritorious defense was not shown or for the reason that the other facts did not justify such action.

Defendants argue, in effect, that the reason for the rule that an appeal may not be taken from a default judgment without first having presented a motion to the lower court to set aside the judgment is to allow the court to correct any errors that may have been committed; and that since the court was advised of their position before judgment, they should not be required to move after judgment before appealing. But we think that the trial court should be given the opportunity for further reflection and to exercise a more mature judgment lest litigation be unduly prolonged and unnecessarily expensive. The court should have been afforded the opportunity to reconsider the matter on its merits by presentation of an appropriate motion attacking that portion of the judgment which defendants believe erroneous.

Judgment affirmed.

LOCKWOOD, C. J., and HAYS, J., concur.