497 P.2d 843

UNITED STATES FIDELITY AND GUARANTY CO., a corporation, Appellant,

v.

HEFLIN STEEL SUPPLY CO., an Arizona corporation, Appellee.

No. 1 CA–CIV 1689.

Court of Appeals of Arizona, Division 1, Department A.

June 6, 1972.

Rehearing Denied July 6, 1972.

Review Denied Sept. 12, 1972.

Moore, Romley, Robbins & Green, by Robert A. Scheffing, Phoenix, for appellant.

Evans, Kitchel & Jenckes, P. C., by F. Pendleton Gaines, III, Phoenix, for appellee.

 

CASE, Judge.

United States Fidelity and Guaranty Co., defendant in the trial court, appeals from a judgment in favor of Heflin Steel Supply Co., plaintiff in the trial court.

Briefly stated, the facts are as follows:

Plaintiff brought suit against Burleson Construction Co., Inc., to recover the sum of approximately $4,000.00 for certain products delivered in connection with a construction contract and to recover from defendant the sum of $2,000.00 as Burleson's surety on a contractor's license bond. Service was obtained upon defendant by leaving copies of the summons and complaint with the Insurance Department of Arizona. No answer was filed by defendant and, accordingly, on 1 May 1970, Heflin obtained an entry of default. Defendant did not become aware of the lawsuit, nor the entry of default until 8 May 1970. Thereafter, on 12 May 1970 defendant moved to set aside the entry of default. On 7 August 1970 the Honorable Roger G. Strand, Judge of the Superior Court of Maricopa County, by minute entry, denied the motion. Thereafter, on 8 December 1970 formal written judgment was entered by the Honorable Douglas H. Clark, Court Commissioner, and it is from that judgment that this appeal is taken.

Defendant urges that the trial court erred in refusing to set aside the entry of default because it had a meritorious defense, had not received actual notice of the lawsuit and had never received the summons and complaint from its statutory agent. We find it unnecessary to discuss the merits of defendant's argument since we are compelled to dismiss the appeal.

No motion was filed by defendant after entry of default judgment. It did not move to set aside the default judgment pursuant to Rule 55(c), 16 A.R.S., or for mistake, inadvertence, surprise or excusable neglect under Rule 60(c). Our Supreme Court in the case of Byrer v. A. B. Robbs Trust Company, 105 Ariz. 457, 466 P.2d 751 (1970), held:

"It is clear under the settled decisions of this Court that no appeal lies challenging the entry of a judgment on default unless the appealing party first moves under Rule 55(c) to set aside the judgment."

Defendant contends that it would have been a fruitless effort to have filed such a motion since the grounds thereof would have been the same as it had urged in its motion to set aside the entry of default. We do not agree.

". . . the trial court should be given the opportunity for further reflection and to exercise a more mature judgment lest litigation be unduly prolonged and unnecessarily expensive." Byrer v. A. B. Robbs Trust Company, 466 P.2d at 752.

The appeal is dismissed.

STEVENS, P. J., and DONOFRIO, J., concur.