621 P.2d 938

**SEARS ROEBUCK AND COMPANY, a New York Corporation, Plaintiff-Appellee,**

v.

**Peter J. H. WALKER and Louise Walker, his wife, Defendants-Appellants.**

**No. 1 CA–CIV 5221.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 18, 1980.

## OPINION

CONTRERAS, Judge.

The issue raised in this appeal is whether the trial court properly struck appellants' answers and dismissed their counterclaims for failure to adequately answer interrogatories, thereby permitting appellee to obtain a default judgment. Because a threshold jurisdictional issue is presented, it is necessary to outline the procedural history which has taken place before multiple judges in the trial court and also an intermediate trip to this court by way of special action.

### TRIAL COURT PROCEEDINGS

Appellee initiated this litigation in 1977 by filing a complaint against appellants, Peter Walker and Louise Walker, for the collection of an overdue account. Sears sought to recover an indebtedness of $2,157.69 and attorney's fees in the amount of $719.00. On the same day that appellants' default was entered and a default judgment taken, motions to dismiss the complaint were filed. The default judgment and appellants' default were eventually set aside and appellants, who have represented themselves throughout most of this litigation, filed separate answers and counterclaims. Both appellants denied the allegations of the complaint and raised several affirmative defenses, including misrepresentation of merchandise, sale of unfit merchandise, payment, separate as opposed to joint or community obligation, lack of notice that the account was overdue and prematurity of action for the entire balance, and usury. Appellant Peter Walker's counterclaim alleged usury and sought recovery of "interest unlawfully extracted" and attorney's fees. Louise Walker, in her counterclaim, sought recovery of attorney's fees based upon her assertion of an obligation to defend the principal claim of Sears.

On February 21, 1978, appellee served seven requests for admissions on appellants, pursuant to Rule 36 of the Rules of Civil Procedure, and twelve interrogatories, pursuant to Rule 33. After receiving answers from appellants, the appellee filed a motion for sanctions pursuant to Rule 37 based

Peter J. H. Walker, Louise A. Walker, in pro. per.

Ronald W. Meyer, Phoenix, for plaintiff-appellee.

upon the asserted insufficiency of the answers. Appellee asked the court to enter an order compelling appellants to answer the interrogatories completely in ten days and, in the event that appellants failed to respond to the order, that appellants' answers and counterclaims be stricken. A conditional order requiring appellants to answer the interrogatories was entered by the Honorable Fred J. Hyder. After appellants filed supplemental answers, appellee filed objections and moved for dismissal of the answers and counterclaims for failure to comply with the court's order. Judge Hyder granted appellee's motion and, by formal written order dated July 12, 1978, ordered that the answers to the complaint be stricken and that the matter proceed as a default. The court also ordered that the counterclaims be dismissed.

Thereafter, on motion of appellants, the order striking appellants' answers and dismissing their counterclaims was vacated by Judge Hyder on October 5, 1978. On March 16, 1979, appellee renewed its motion to strike answers and dismiss counterclaims for failure to comply with the court's order. Appellee, in essence, asked the court to reconsider the motion previously granted and later vacated by Judge Hyder. The trial court, by Judge Jeffrey S. Cates, entered a comprehensive minute entry on June 11, 1979, setting a time for the filing of all responses to the renewed motion to strike and to dismiss and setting July 6, 1979, as the time for final oral argument on the matter. Appellants thereupon filed a petition for relief by special action in this court, seeking vacation of Judge Cates' ruling on the basis that the previous order of dismissal had been vacated and the interrogatories were adequately answered. This court found no prejudice to appellants in Judge Cates' order and declined to accept jurisdiction of the special action. The July 6, 1979, hearing date in the superior court was rescheduled for September 14. After taking the matter under advisement, Judge Cates made a minute entry ruling granting appellee's motion to strike appellants' pleading. The substance of this ruling is incorporated into a written order signed by Judge Rudolph J. Gerber on October 17, 1979. This order reads in part as follows:

Good cause appearing, and the Court finding that Defendants' non-compliance with this Court's previous order directed to Defendants with respect to Defendants' compliance with Plaintiff's outstanding discovery to be willful and in bad faith, and not by reason of Defendants' inability to comply,

IT IS ORDERED granting Plaintiff's Motion to Strike Answer and Motion to Dismiss Counterclaim in accordance with its request, striking Defendants' Answer on file in this action allowing Plaintiff to proceed upon its Complaint as though the matter were a default.

FURTHER ORDERED dismissing Defendants' Counterclaim on file in this action.

Appellants' default was entered on October 18, 1979. On October 29, 1979, appellants moved to vacate and set aside the order striking their answers and counterclaims. This motion was denied on November 8, 1979. On November 13, a default judgment was entered in favor of appellee. Appellants did not move to vacate or set aside this judgment.

On December 5, 1979, appellants filed a notice of appeal. The body of the notice reads as follows:

NOTICE IS HEREBY GIVEN that the above named Defendants appeal to the Court of Appeals of the State of Arizona from the order made and entered in this action on the 15th day of October, 1979, Striking Answer and Counterclaim (Formal written order entered October 17, 1979; Motion to Vacate denied on November 8, 1979) and from the consequential default judgment entered on November 13, 1979.

## THRESHOLD JURISDICTIONAL ISSUE

■ Our concern in regard to jurisdiction is based upon the principle, first announced in *McLean v. Territory of Arizona*, 8 Ariz. 195, 71 P. 926 (1903), that a party against whom a default judgment has been entered

may not prosecute an appeal until he has first moved in the trial court to set aside the judgment. The basis for this rule is stated in *McLean*:

> The very theory and constitution of a court of appellate jurisdiction only is the correction of errors which a court below may have committed; and a court below cannot be said to have committed an error when their judgment was never called into exercise. . . .

*Id.* at 199, 71 P. at 928. Thus, the appeal in *McLean* was dismissed.

In *Byrer v. A. B. Robbs Trust Co.*, 105 Ariz. 457, 466 P.2d 751 (1970), our supreme court took pains to articulate a requirement that even when a post-judgment motion pursuant to Rule 60(c) of the Rules of Civil Procedure would merely reiterate a pre-judgment motion to set aside entry of default, such a motion was essential. The court stated:

> Defendants argue, in effect, that the reason for the rule that an appeal may not be taken from a default judgment without first having presented a motion to the lower court to set aside the judgment is to allow the court to correct any errors that may have been committed; and that since the court was advised of their position before judgment, they should not be required to move after judgment before appealing. But we think that the trial court should be given the opportunity for further reflection and to exercise a more mature judgment lest litigation be unduly prolonged and unnecessarily expensive. The court should have been afforded the opportunity to reconsider the matter on its merits by presentation of an appropriate motion attacking that portion of the judgment which defendants believe erroneous.

*Id.* at 458, 466 P.2d at 752. If this portion of *Byrer* does in fact spell out an absolute requirement of a post-judgment motion in all cases where a party is in default, this court would lack jurisdiction in the present case.

█ A close study of the *Byrer* case, however, reveals anomalies, in *Byrer*, the only issue asserted on appeal was the inclusion in the judgment of an item of $900 for attorneys' fees. The appellants argued that the issue was presentable on appeal because they had raised it in a motion to dismiss which they filed simultaneously with their motion to set aside entry of default. The motion to dismiss, however, was not logically cognizable by the trial court while the defendants-appellants were in default because, as stated in *Martin v. Sears*, 45 Ariz. 414, 44 P.2d 526 (1935): "So long as parties are in default, they have no right to participate in any further proceedings in the case, except a motion to set aside the default and petition for leave to appear and answer, or some similar matter not going to plaintiff's right of action. [citations omitted]." *Id.* at 419, 44 P.2d at 528.

█ Where, as here, the parties have filed answers along with counterclaims and have thereafter had their pleadings stricken for insufficiency of discovery, they are not defaulting parties in the sense that they have filed responsive pleadings to the complaint after having succeeded in having a default and default judgment entered against them set aside.[1] Under these circumstances, we do not believe that sound judicial policy requires the making of a post-judgment motion as a prerequisite to review by appeal. Procedurally, the instant case is clearly distinguishable from *Byrer* and the rationale of *Byrer* simply is not applicable to the instant situation. The de-

---

1. This case differs from *Soltes v. Jarzynka*, 127 Ariz. 427, 621 P.2d 933 filed this date. In *Soltes*, a default was entered when defendants failed to file an answer or otherwise respond within 20 days from the date of personal service of the summons and complaint. The defendants-appellants filed a motion seeking to set aside the default pursuant to Rule 55(c) of the Rules of Civil Procedure. The motion was denied and judgment was thereafter entered. In *Soltes*, a motion to set aside the default judgment pursuant to Rule 60(c) was filed; however, it was filed after a notice of appeal had been filed and the trial court declined to rule on the 60(c) motion. Procedurally, the instant case is clearly distinguishable from *Soltes*.

fault judgment which was entered after appellants' responsive pleadings had been stricken was a final judgment. Where the legislature has granted a right of appeal, as it has in the case of final judgments, the law will seek to uphold the right granted. *Bunkrant v. Saggau*, 12 Ariz.App. 310, 470 P.2d 115 (1970); *see Davis v. Campbell*, 24 Ariz. 77, 206 P. 1078 (1922). We conclude that we have jurisdiction over the appeal.

## CONSIDERATION OF THE MERITS

■ There are constitutional limits on the sanctions which may be imposed pursuant to Rule 37 of the Rules of Civil Procedure, 16 A.R.S., for failure to make discovery. The oft cited case of *Societe Internationale Pour Participations Industrielles v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) states:

> The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, and *Hammond Packing Co. v. State of Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. The authors of Rule 37 were well aware of these constitutional considerations. See Notes of Advisory Committee on Rules, Rule 37, 28 U.S.C. (1952 ed.) p. 4325, 28 U.S.C.A.

*Id.* 357 U.S. at 209, 78 S.Ct. at 1094, 2 L.Ed.2d at 1267. *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1908), cited in *Societe Internationale v. Rogers*, establishes that while pleadings may not be stricken "as a mere punishment," a state may, consistent with due process, utilize a presumption that the refusal to produce material evidence is essentially an admission of lack of merit in an asserted defense. It follows from this rationale that where a party adequately responds to some but not all requested discovery, so that a presumption of invalidity does not apply to all defenses that may have been asserted, a "wholesale" sanction such as striking the entire pleading should not be employed. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2283 & n. 60 (1970).

In addition, the striking of pleadings and entry of default judgment are not proper sanctions for the failure to adequately respond to requests for admissions of facts pursuant to Rule 36. Admissions pursuant to Rule 36 function like pleadings rather than discovery devices. Rule 36(a), Rules of Civil Procedure, 16 A.R.S., State Bar Committee Note at 271–72 (1970). Rule 36(a) sets forth in detail the duties of the answering party and the consequences which may be visited if there is a failure to properly respond. Rule 36(a) refers in this connection to Rule 37(c), which provides for imposing expenses upon a party who fails to admit the truth of any matters requested when the requesting party thereafter proves the truth of such matters. Rules 37(a) and 37(b), on the other hand, are designed to compel reasonable discovery and to provide sanctions when there has been a failure to comply with an order compelling discovery. These rules are applicable in the case of failures to make discovery pursuant to Rules 30, 31, 33 and 34 of the Rules of Civil Procedure. Besides 37(c), referred to above, the only portion of Rule 37 which applies to proceedings pursuant to Rule 36 is Rule 37(a)(4). That rule provides the trial court with authority to impose expenses of a motion to determine the sufficiency of responses to requests for admission upon a party whose response is found to be inadequate.

In the present case, appellee never moved *in haec verba* for a determination of the sufficiency of appellants' answers to the request for admissions. Appellee moved initially "for sanctions," with a request for an order compelling discovery and for a further order striking appellants' answers and dismissing their counterclaims in the

event of noncompliance. After appellants had made their final answers to the request for admissions and interrogatories, appellee moved again for an order striking the answers and dismissing the counterclaims. There was no request for the monetary sanctions established with respect to failures to properly respond to request for admissions pursuant to Rule 36. For the reasons set forth above, we conclude that the trial court's order striking appellants' answers and dismissing their counterclaims must stand or fall on the basis of the sufficiency of appellants' answers to the interrogatories.

 Our function as an appellate court is to review the record and determine whether there is a reasonable basis therein for the ruling made by the trial court. While abuse of discretion is the standard, *see, e. g., Furrh v. Rothschild*, 118 Ariz. 251, 575 P.2d 1277 (App.1978), the range of discretion for dismissal is narrow. *Golleher v. Horton*, 119 Ariz. 604, 583 P.2d 260 (App. 1978).

Regarding the duty of a party to answer interrogatories we quote from *Dollar v. Long Mfg. N. C., Inc.*, 561 F.2d 613 (5th Cir. 1977), *cert. denied*, 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978):

> In our analysis, we start with the proposition that discovery "... together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

. . . . .

Rule 33 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which even the reasons for objection shall be stated in lieu of an answer. Likewise, Rule 37(a)(3), Fed.R.Civ.P., provides that, "an evasive or incomplete answer is to be treated as a failure to answer."

> Discovery by interrogatory requires candor in responding. This is not to say that a party must answer every interrogatory put by his adversary. Indeed, the development of the multiple, memory, typewriter has produced "boiler plate" interrogatories often devised for such multiple issues that the propriety of any one question vis-a-vis the case at issue is chancy at best. The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive.

*Id.* 561 F.2d at 616–17.

Appellee's interrogatories sought to ascertain the basis for any dispute over the accuracy of the statement of account, a particularization of appellants' defenses, the amount admitted owing, the amount of any payments made to appellee after the last entry on the statements, the names of appellants' witnesses to support the counterclaim, the particular manner in which unlawful interest was extracted, the maximum legal rate of interest, the relevant statute in regard to interest, the marital status of the parties, whether Louise Walker had ever purchased any merchandise on the accounts, the identity of a statute referred to by Louise Walker in her affirmative defenses, and a description of any documentation to be produced by appellants at trial. In their original answers, appellants squarely admitted that they were married. In regard to the accuracy of the accounts, they referred to a statement in their answer to request for admissions stating, "[m]ost items shown have been fully paid for long ago." They also stated: "[Y]ou are confusing the issue by including sales tickets that long have been paid off (1st charged—1st paid off) and failing to include the most recent purchases. (or so it appears.)" Several of the other responses were argumentative, sarcastic or otherwise inappropriate. There was virtually a total lack of responsive information.

In their supplemental answers, appellants responded to the interrogatory in regard to the accuracy of the attached accounts by resubmitting as full and complete their previous answer generally claiming prior payment and asserting confusion of the issue. Appellants also indicated that they did not understand the accounting sheets and requested an explanation of same. Appellants' response to the interrogatory seeking particularization of defenses consisted largely of general denials that they owed plaintiff any money. The only exception to these general denials was a statement by Louise Walker to the effect that she had never signed any document authorizing a credit arrangement and she denied receiving any benefit from any item purchased which was not yet paid for.

In regard to the question of how much appellants admitted owing appellee, Peter Walker stated that he was unable to answer the question but "to the best of his knowledge" the damages caused him by plaintiff were such that they would exceed any obligation by him to plaintiff. In regard to appellants' assertions of usury in their respective answers and in the separate counterclaim of Peter J. Walker, appellants responded to the interrogatory seeking particularization by stating that the interest was charged "[i]n an arrogant and high handed manner, . . . equal to or in excess of . . . 18% per annum" and by stating their belief that in Florida where they had lived during part of the relevant period, the maximum allowable interest rate was 10%. Appellants also affirmatively indicated that the statutes relied upon in support of their affirmative defense and counterclaim based upon usury were "both the *Florida* and the *Arizona* statutes which regulate the maximum rate of interest that may be charged on a loan to an individual. Also known as the 'Usury Law'." Appellants resubmitted their prior unresponsive answer to the question in regard to whether Louise Walker had "ever" purchased merchandise on the accounts. In regard to witnesses, appellants stated that they would advise appellee of any witnesses besides themselves that they intended to call. In regard to documentation to be submitted at trial, appellants stated that they would "produce at the trial the documentation submitted to date by Plaintiff" and also other unspecified documentation.

Upon a careful review, we have concluded that there are ample indicia of a willful and unjustified failure to make discovery or to indicate with particularity reasons why more adequate discovery could not be made. However, we also conclude that appellants were sufficiently responsive, if only minimally, in one respect so that their entire answers and the separate counterclaim of Peter J. Walker should not have been wholly stricken and dismissed.

We have examined the running accounts attached by appellee to its interrogatories and request for admissions, and we find them to be sufficiently straightforward and understandable so that errors and discrepancies could readily be noted if appellants were aware of any. The totality of the circumstances, including the signatures on the sales slips which were never expressly repudiated by appellants, are in our view such that the trial court was justified in drawing an inference of bad faith from appellants' failure to fairly answer appellee's interrogatories. Many of the sales slips were signed "Louise Walker". Under the circumstances, we are of the opinion that an order pursuant to Rule 37(b)(2)(B) refusing to allow appellants to support any defense except that of usury is appropriate. It is also our opinion that an order striking pleadings except where usury is asserted is appropriate.

In regard to usury and in their supplemental answers to interrogatories, appellants indicated their belief that in Florida where they resided during part of the relevant period, the maximum allowable interest rate was 10% and that the statutes upon which they relied were the Florida and Arizona statutes which regulate the

maximum rate of interest that may be charged on a loan to an individual. For these reasons, we conclude that the trial court's order striking appellants' answer *in toto* and dismissing the counterclaim of Peter Walker must be reversed.

Appellants have argued that inasmuch as Judge Hyder reversed his original ruling striking their answers and dismissing their counterclaims, Judge Cates was without authority to entertain a second motion for the same sanctions. *See Chanay v. Chittenden*, 115 Ariz. 32, 563 P.2d 287 (1977). There is no merit in this contention inasmuch as appellants were under a continuing order to respond to the interrogatories and their responses indicated a presently inadequate but ongoing attempt to provide full discovery.

Appellants have devoted a great deal of time and energy to criticizing the appellee, its counsel, and the trial court. Appellants' time would have been better spent in marshalling their facts and evidence so that the litigation could proceed in an orderly manner. Appellants' tactics have resulted in a needless expenditure of time by appellee and the trial court. We wholly approve of the trial court's employment of stringent sanctions, excluding therefrom only the defense and claim of usury, based upon the principles of *Hammond Packing Company*. On remand, appellants will be confined to the defense and counterclaim of usury.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

FROEB, P. J., concurs.

WREN, Judge, dissenting:

I respectfully disagree. In my opinion, this decision ignores Justice (now Chief Justice) Struckmeyer's admonition in *Byrer* that the trial court should be given the opportunity for further reflection. I would accordingly dismiss the appeal on the basis of lack of jurisdiction by reason of the failure of appellants to file a motion to set aside the judgment.