621 P.2d 933

**Richard SOLTES and Oltha Soltes, his wife, Plaintiffs-Appellees,**

v.

**John JARZYNKA and Patricia Jarzynka, Defendants-Appellants.**

**1 CA–CIV 4618.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 18, 1980.

John G. Thomas, Scottsdale, for plaintiffs-appellees.

Tempe Legal Clinic of Levine & Jarvi by Richard T. Fuller, Tempe, for defendants-appellants.

## OPINION

CONTRERAS, Judge.

Appellants have presented for review the issue of whether the trial court abused its discretion in refusing to set aside a default and default judgment. Because of the present procedural posture of this case, we are of the opinion that we do not have jurisdiction to entertain the appeal and that the appeal must be dismissed and the case remanded.

Appellants and appellees are neighbors in a residential subdivision of Maricopa County known as Sundown Ranch Estates. In early March, 1978, appellants commenced construction of an addition to their home. A significant portion of the construction, and that of which appellees complain, is a vertical extension of the existing residence containing an area of approximately 138 square feet which appellants refer to as a "loft or mezzanine."

On May 24, 1978, appellees filed a complaint in superior court alleging that the construction was in violation of subdivision restrictions. Appellees sought injunctive relief enjoining further construction of the addition and the removal of that which had been constructed. Appellants were personally served on May 26, 1978, with a copy of the summons and complaint, together with a copy of an order to show cause directing them to appear before the superior court on June 22, 1978, to show cause why preliminary injunctive relief should not be granted. Neither of the appellants filed a responsive pleading within 20 days after service and, on June 19, appellees caused their default to be entered. The next day, purported answers were filed by one of the appellees *in propria persona*.

Appellants subsequently obtained counsel who, on July 6, 1978, pursuant to Rule 55(c) of the Rules of Civil Procedure, 16 A.R.S., filed a motion to set aside the entry of default. The reason set forth in support of the motion was that appellants, in calculat-

ing the time within which to file an answer, mistakenly counted only business days and not weekends and therefore believed that June 23 was the twentieth and last day for filing their answer to the complaint. Appellants' motion to set aside the default was supplemented a few days later by a memorandum of points and authorities, along with their joint affidavit in support of their motion. On July 7, 1978, appellants also filed a motion for leave to file an amended answer and counterclaim. Appellees filed a written response to appellants' motions and on July 14, 1978, the trial court entered a formal order denying appellants' motion to set aside the default. Appellees then applied for a judgment on default and, following a hearing, judgment was entered on July 21, 1978, ordering appellants to remove the addition which they had caused to be constructed at their residence.

Appellants filed their notice of appeal on August 15, 1978. On August 21, 1978, appellants filed a cost bond for the appeal and a motion to set aside default judgment pursuant to Rule 60(c) of the Rules of Civil Procedure. The trial court declined to rule on the motion since a notice of appeal had been filed. The record on appeal was transmitted to this court and briefs were filed by both parties.

At the time of oral argument before this court, we raised *sua sponte* the question of whether this court had jurisdiction to entertain the appeal since appellants filed their notice of appeal prior to the time they filed their motion to set aside the default judgment and the record disclosed that the trial court had not ruled on the motion.[1] Our inquiry was predicated on the case of *Byrer v. A. B. Robbs Trust Co.*, 105 Ariz. 457, 466 P.2d 751 (1970), in which our supreme court held that no appeal lies challenging the entry of a judgment on default unless the appealing party has first moved before the trial court to set aside the default judgment. We indicated to counsel that in view of an apparent lack of jurisdiction by this

---

1. This court reviews the record as early as is practicable to determine if this court has jurisdiction to consider the appeal. The initial re-

view of this case did not disclose the jurisdictional question.

court to consider the appeal, that we would have no alternative other than to dismiss the appeal. Counsel for both parties were then afforded an opportunity to submit memoranda to this court regarding this jurisdictional inquiry. Written memoranda were filed by counsel for each of the parties.

This court is under a duty to inquire into its own jurisdiction. The parties, no matter how desirous of disposing of the appeal on the merits, cannot, by consent, confer jurisdiction upon the court. *Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239 (1963); *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961); *Pulaski v. Perkins*, 619 P.2d 488 (Oct. 2, 1980). Our inquiry regarding this court's jurisdiction is occasioned by our supreme court's decision in *Byrer v. A. B. Robbs Trust Co.* In *Byrer*, the defendants-appellants did not answer the complaint within the 20 days required by law. Default was entered and appellants subsequently moved to set aside the entry of default under Rule 55(c), Rules of Civil Procedure, 16 A.R.S.[2] The trial court denied the motion, entered judgment in appellees' favor, and included attorney's fees in the judgment. On appeal, only that part of the judgment awarding attorney's fees was challenged. The supreme court initially noted:

No action whatsoever was taken by defendants after entrance of the default judgment except to perfect this appeal. They did not move to set aside the default judgment under Rule 55(c), or for mistake, inadvertence, surprise or excusable neglect under Rule 60(c), or to vacate the judgment and be granted a new trial under Rule 59(a) and (i) on the grounds of excessive damages, or to alter or amend the judgment under Rule 59(*l*).

105 Ariz. at 458, 466 P.2d at 752. The supreme court then reiterated the long standing rule in this jurisdiction that no appeal can be taken from a default judgment until the defaulting party has moved to set aside the existing default judgment:

The Robbs Trust Company urges that there is no appeal from a default judgment unless the party appealing first moves the trial court under Rule 55(c) to set aside the judgment. This has been the uniform holding of this Court from Territorial days. In *Horne v. Superior Court, in and for Pima County*, 89 Ariz. 289, 361 P.2d 547, we said:

'Respondent contends that it is the settled rule in this jurisdiction that no appeal can be taken from a judgment until the defaulting party has first moved to set aside the default judgment. Insofar as appeals from judgments of the superior court are concerned, this is correct. *Big Chief Mining Company v. Kohlburner*, 63 Ariz. 317, 162 P.2d 132; *Moody v. Lloyd's of London*, 61 Ariz. 534, 152 P.2d 951; *Martin v. Sears*, 45 Ariz. 414, 44 P.2d 526; *McLean v. Territory*, 8 Ariz. 195, 71 P. 926.' 89 Ariz. at 291, 361 P.2d at 548.

It is clear under the settled decisions of this Court that no appeal lies challenging the entry of a judgment on default unless. the appealing party first moves under Rule 55(c) [or 60(c)] to set aside the judgment.

*Id.* 105 Ariz. at 458, 466 P.2d at 752. The defendants-appellants in *Byrer* argued that the reason for the rule that an appeal may not be taken from a default judgment without first having moved to set aside the judgment is to allow the court to correct any errors it may have committed and since they had advised the lower court of their position before judgment, they should not be required to move after judgment before filing an appeal. This argument was answered by our supreme court:

[W]e think that the trial court should be given the opportunity for further reflection and to exercise a more mature judgment lest litigation be unduly prolonged and unnecessarily expensive. The court

---

2. Rule 55(c) provides:

Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c).

should have been afforded the opportunity to reconsider the matter on its merits by presentation of an appropriate motion attacking that portion of the judgment which defendants believe erroneous.

*Id.* at 458, 466 P.2d at 752.

*Byrer* is so explicit in its articulation of both the necessity and reason for a motion following entry of default judgment that we believe it would be in violation of the letter and spirit of *McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968), for us to entertain the present appeal. This court reached the same conclusion eight years ago in *United States Fidelity and Guaranty Co. v. Heflin Steel Supply Co.*, 17 Ariz.App. 336, 497 P.2d 843 (1972).

The appellants, while recognizing the rulings in *Byrer* and *Heflin Steel*, argue that their case falls within the exception as set forth by Division Two of this court in *Industrial Commission v. Parise*, 13 Ariz.App. 522, 478 P.2d 137 (1970). In *Parise*, it was held that where a party seeks relief from a default prior to judgment and has set forth a challenge to the jurisdiction of the lower court, an appeal may be entertained notwithstanding the lack of a post-judgment motion. Appellants contend that the *Parise* exception applies because they asserted in their motion to set aside entry of default that the complaint failed to state a cause of action. We are not persuaded that the exception expressed in *Parise* should be applied to the instant case. *Parise* was not reviewed by our supreme court and some of the statements contained in *Parise* appear to be at odds with *Big Chief Mining Co. v. Kohlburner*, 63 Ariz. 317, 162 P.2d 132 (1945), which was one of the principal decisions relied upon by our supreme court in *Byrer*. In addition, the jurisdictional issue in *Parise* was clear, whereas in the case *sub judice*, the appellees' complaint states a cause of action over which the trial court has jurisdiction when the allegations of the complaint are taken at face value.

The procedural posture of the instant case does present characteristics which distinguish it from the procedural posture of *Byrer*. There, "[n]o action whatsoever was taken by defendants after entrance of the default judgment except to perfect this appeal." Here, a motion to set aside default judgment pursuant to Rule 60(c) was timely filed with the clerk of the superior court urging bona fide and reasonable mistake along with excusable neglect as grounds for setting aside the default judgment entered on July 21, 1978. In this regard, the record discloses that the notice of appeal was filed on August 15, 1978, and that the motion to set aside default judgment was filed on August 21, 1978. Unquestionably, the motion was timely since it was filed "not more than six months after the judgment . . . was entered" as required by Rule 60(c). However, since a notice of appeal had been filed, the trial court declined to take any action on the motion to set aside default judgment and the motion is still pending. *See Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973). While we can readily appreciate the dilemma in which the trial court found itself, the immutable fact remains that the motion to set aside the default judgment was filed within the time parameters of Rule 60(c).

We are thus confronted with a seeming "Catch-22" situations where this court lacks jurisdiction to entertain the appeal because the trial court has not ruled on a 60(c) motion and the trial court has declined to rule on the timely filed 60(c) motion because it believed that its jurisdiction was lost when the notice of appeal, which preceded the 60(c) motion, was filed. Under these procedural circumstances, it is our opinion that the present appeal must be dismissed and the case remanded to the trial court so that it can rule on the pending motion to set aside the default judgment.[3]

---

**3.** This case differs from *Sears Roebuck and Company . v. Walker,* 127 Ariz. 432, 621 P.2d 938 filed this date. In *Sears*, the default and default judgment originally entered were set aside by the trial court after appellants filed appropriate motions. The appellees were permitted to proceed to final judgment after the trial court, as a sanction under Rule 37 of the Rules of Civil Procedure, struck the appellants' responsive pleadings to the complaint because

We note that under these attendant circumstances, this court would have entertained a motion to dismiss the appeal and remand the case so that the trial court could rule on the pending motion to set aside the default judgment. In that manner, the strict jurisdictional integrities of this court and the trial court would be maintained and needless delays in the trial and appellate processes minimized. This would appear to be an acceptable procedure any time an appeal has been taken and a timely Rule 60(c) motion is subsequently filed. This approach is logical, practical and consistent with the rules governing the time for appeal and the time within which a Rule 60(c) motion can be presented.

Appellants, while recognizing that the result we have set forth could obtain, are critical of it and request that, in the interests of justice, we accept jurisdiction of this appeal and render a ruling. They reason that if the trial court, on remand, denies the motion, appellants would again appeal, file the same or similar briefs, and after one or two years, be back at the same stage they were at the time of oral argument. We appreciate such concern; however, as previously stated, jurisdiction cannot be conferred upon the court by consent of the parties. *Stevens v. Mehagian's Home Furnishings, Inc., supra; Rueda v. Galvez, supra; Pulaski v. Perkins, supra.* Either the court, as provided by law, has jurisdiction or it lacks jurisdiction.[4] Although the requirement of a post-judgment motion to set aside the judgment may be subject to criticism, we are convinced that the *Byrer* rationale for such requirement is still sound:

"The trial court should be given the opportunity for further reflection and to exercise a more mature judgment lest litigation be unduly prolonged and unnecessarily expensive." 105 Ariz. at 458, 466 P.2d at 752.

For the foregoing reasons, we are compelled to dismiss the present appeal and remand the case to the trial court for consideration of appellant's motion to set aside default judgment. Without expressing an opinion, we make the observation that if the motion is granted, a trial may then proceed on the merits. If the motion is denied, appellants will be free to appeal to this court and we will, to the extent practicable, consider a new appeal on the present briefs in accordance with the rationale expressed in *Pulaski v. Perkins* and *Stevens v. Mehagian's Home Furnishings, Inc.* In addition, and without commitment one way or the other, the court would be amenable to considering a properly presented motion to accelerate the appeal.

The appeal is dismissed and the case remanded for proceedings consistent with this opinion.

FROEB, P. J., and WREN, J., concur.

---

of their failure to comply with the trial court's order requiring them to respond to discovery undertaken by appellees pursuant to Rules 33 and 36 of the Rules of Civil Procedure. As such, appellants in *Sears* were not defaulting parties in the sense that they had filed responsive pleadings to the complaint after successfully having had a default and default judgment previously entered against them set aside. Therefore, procedurally, *Sears* is clearly distinguishable from *Byrer* and the instant case.

4. We note that since the trial court will be called upon to make a determination of whether the default judgment should be set aside, the situation does not lend itself to a suspension of

the appeal for the purpose of correcting a defect only in the form of a presumably substantive appeal where a judgment has not been reduced to writing and signed by the judge pursuant to Rule 58(a), Rules of Civil Procedure, 16 A.R.S. *See Eaton Fruit Co. v. California Spray-Chemical Corp.*, 102 Ariz. 129, 426 P.2d 397 (1967). Rather, this case more closely approximates the situation where dismissal of an appeal is mandated in order for the trial court to exercise its discretion and make an express determination prescribed by Rule 54(b) for establishing the finality of an adjudication when other claims are pending. *Pulaski v. Perkins, supra.*